(May 4, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. TUMMINIA, Appellant. [714 NYS2d 697] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 22, 1997, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

On June 27, 1997, a Grand Jury handed up a four-count indictment charging defendant with two counts of both rape and sodomy in the first degree. Thereafter, defendant pleaded guilty to one count of rape in the first degree in satisfaction of the accusatory instrument with the understanding that he would be sentenced as a second violent felony offender to a determinate prison term of 15 years. A predicate violent felony offender statement was filed with the sentencing court and, when defendant did not contest the allegations in the statement, the 15-year sentence was imposed by County Court. Defendant appeals.

Defendant's contention that he did not sufficiently allocute to the forcible compulsion element of rape in the first degree, thereby obligating County Court to make further inquiry to ensure that the plea was proper, is meritless. Notably, he neither moved to withdraw his plea under CPL 220.60 (3) nor challenged the sufficiency of his allocution in his motion to vacate the judgment of conviction pursuant to CPL 440.10. Such failure deprived County Court of the opportunity to address the alleged deficiencies and, if deemed necessary, take corrective measures (*see, People v Lopez*, 71 NY2d 662, 665-666).

Despite the failure to preserve the challenge, the Court of Appeals has cautioned as follows: "where a defendant's factual recitation negates an essential element of the crime pleaded to, the [trial] court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered * * * Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (*id.*, at 666). Upon our review of the record, we find no deficiency in defendant's factual recitation since he specifically acknowledged, *inter alia*, that he used a knife to force the victim to have sexual intercourse with him. This statement, coupled with his affirmative responses to County Court's inquiries and his acknowledgment that he was

freely and voluntarily entering the plea with a full understanding of the consequences thereof, warrants our conclusion that the court properly accepted the plea (*see, People v Medina*, 262 AD2d 708, 709-710, *lv denied* 93 NY2d 1023).

As to those remaining contentions which were properly preserved, we have reviewed and rejected them as without merit.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.