■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIE BOLDEN, Appellant. [731 NYS2d 674] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 4, 2000, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree.

Although defendant's waiver of the right to appeal does not in and of itself preclude appellate review of the voluntariness of his plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982), the issue was not preserved by a motion to withdraw the plea or to vacate the judgment of conviction (*see, People v Beekman*, 280 AD2d 784, *lv denied* 96 NY2d 780). By failing to make the appropriate motion, defendant deprived County Court of the opportunity to address the alleged deficiency and, if necessary, take corrective action (*see, People v Tumminia*, 272 AD2d 634, *lv denied* 95 NY2d 939). In any event, defendant's claim that his plea is the product of confusion and coercion has no support in the record.

Defendant's claim that the 4 to 15-year sentence is harsh and excessive is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733) and lacks merit in any event. Considering the nature of the crimes, the fact that the sentence was within the statutory guidelines and the substantial measure of leniency accorded defendant by the imposition of concurrent sentences for crimes that arose out of

separate and distinct criminal transactions, we conclude that County Court did not abuse its discretion and there are no extraordinary circumstances which would warrant the exercise of our authority to modify the sentence in the interest of justice.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.