■ The People of the State of New York, Respondent, v Lloyd Kelone, Appellant. [740 NYS2d 462] —Appeal from a judg-

ment of the Supreme Court (Sheridan, J.), rendered June 18, 1999 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

By entering a counseled plea of guilty to a single count of attempted promoting prison contraband in the first degree in full satisfaction of the indictment against him, defendant waived his right to raise the present contention that the People failed to give him notice of the impending grand jury proceedings against him, as required by CPL 190.50 (5) (a) (*see, People v Perkins*, 288 AD2d 506). In any event, the record shows that the required notice was given to defendant's counsel.

Furthermore, the record does not support defendant's claim that he was denied his constitutional right to counsel when he was permitted to waive his right to a preliminary hearing in the absence of counsel. To the contrary, the record shows that counsel was present with defendant at all local criminal court proceedings with the exception of the first appearance when defendant requested and was afforded assigned counsel. Finally, to the extent that defendant is raising an issue of ineffective assistance of counsel, we find the claim meritless.

Mercure, J.P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.