■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PUCAK, Appellant. [784 NYS2d 419]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered September 13, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS S. BIASELLI, Appellant. [784 NYS2d 442]—Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 25, 2003. The judgment convicted defendant, upon his plea of guilty, of sexual misconduct and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual misconduct (Penal Law § 130.20 [1]) and two counts of endangering the welfare of a child (§ 260.10 [1]). The waiver of the right to appeal by defendant encompasses his challenge to the factual sufficiency of the plea allocution (*see People v McKay*, 5 AD3d 1040, 1041 [2004], *lv denied* 2 NY3d 803 [2004]). Further, defendant failed to preserve that challenge for review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Casco*, 4 AD3d 742 [2004]). In any event, the record establishes that defendant's *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]) was properly accepted by County Court (*see People v Sherman*, 8 AD3d 1026, 1026-1027 [2004]). Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.