■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. MICHALSKI, Appellant. [788 NYS2d 776]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 28, 2002. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]), defendant contends that the plea allocution was factually insufficient. That contention is encompassed by defendant's waiver of the right to appeal (*see People v Biaselli*, 12 AD3d 1133 [2004]). In any event, that contention lacks merit. The plea allocution establishes that, "[u]nder circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] the death of another person" (Penal Law § 125.25 [2]).

Contrary to defendant's further contention, County Court did not abuse its discretion in failing sua sponte to order a competency examination pursuant to CPL article 730. Although defendant stated that he was being treated for "severe depressive disorder and severe anxiety disorder," he stated that his disorders and treatment did not affect his ability to understand

the proceedings, and there otherwise is no indication in the record before us that defendant was unable to understand the proceedings or to assist in his own defense (*see People v Taylor*, 13 AD3d 1168 [2004]; *see generally People v Morgan*, 87 NY2d 878, 880-881 [1995]).

Also contrary to defendant's contention, the court's imposition of restitution was not illegal. "[T]he court's failure to order restitution at the time of sentencing does not necessarily deprive the court of jurisdiction to impose restitution thereafter . . ., so long as the People properly state at sentencing that they intend to seek restitution" (*People v Swiatowy*, 280 AD2d 71, 73 [2001], *lv denied* 96 NY2d 868 [2001]), and the People properly so stated herein. Moreover, "the plain language of [Penal Law § 60.35 (6)] permits the sentencing court to order both restitution and the mandatory surcharge/crime victim assistance fee" where, as here, defendant has not yet made restitution (*People v Quinones*, 95 NY2d 349, 352 [2000]). Finally, although the contention of defendant that he was denied effective assistance of counsel survives his guilty plea inasmuch as he contends that his plea was infected by the alleged ineffective assistance (*see generally People v Petgen*, 55 NY2d 529, 534-535 [1982], *rearg denied* 57 NY2d 674 [1982]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]), that contention involves matters outside the record on appeal and thus must be raised pursuant to a CPL article 440 motion (*see People v Logan*, 2 AD3d 1392 [2003], *lv denied* 2 NY3d 742 [2004]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.