■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EVANS, JR., Appellant. [810 NYS2d 590]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 2, 2004, convicting defendant upon his plea of guilty of the crime of unlawful surveillance in the second degree.

In satisfaction of a five-count indictment, defendant entered a guilty plea to the crime of unlawful surveillance in the second degree and was sentenced, as agreed and as an admitted second felony offender, to a prison term of $1^1/_3$ to 3 years. The charge stems from defendant's placement of a video camera in the bedroom of his girlfriend's 12-year-old daughter, with whom he resided, recording her undressing. Defendant now appeals.

Initially, we cannot conclude, as the People urge, that defendant effected a knowing, voluntary and intelligent waiver of his right to appeal as part of the negotiated agreement (see People v Seaberg, 74 NY2d 1, 11 [1989]). When the People recited the plea terms, no mention was made of an appeal waiver. The only reference to an appeal waiver is a question by County Court in the context of explaining the trial rights that defendant would be foregoing by a guilty plea: "[Is] [a]nyone forcing, threatening or coercing you to give up those rights, including your right to appeal?", to which defendant replied, "no." There was no record discussion or explanation concerning the appeal waiver or effort to ascertain if defendant understood that right or had discussed it with counsel and no indication that defendant ever signed an appeal waiver, and "a knowing and voluntary waiver

cannot be inferred from a silent record" (*People v Callahan*, 80 NY2d 273, 283 [1992]; *see People v Lopez*, 6 NY3d 248, 255 [2006]).

Turning to defendant's efforts to vacate his plea, he pleaded guilty to Penal Law § 250.45 (3)—legislation known as "Stephanie's Law" enacted in 2003 to combat video voyeurism—which proscribes the intentional use or installation of any "imaging device" (Penal Law § 250.40 [2]) to "surreptitiously view, broadcast or record a person" in specific locations where a person has a reasonable expectation of privacy, i.e., "a bedroom, changing room, fitting room, restroom, toilet, bathroom, washroom, shower or any room assigned to guests or patrons in a motel, hotel or inn, without such person's knowledge or consent" (Penal Law § 250.45 [3]; *see* Donnino, Practice Commentary, McKinneys Cons Laws of NY, 2005 Electronic Update, Penal Law § 250.45). In view of the surreptitious nature of the conduct and the private character of the locations, the statute creates a rebuttable presumption that a person who engages in such conduct did so for "no legitimate purpose" (Penal Law § 250.45 [3] [b]).

Initially, defendant contends, for the first time on appeal, that the statute is unconstitutionally vague as applied to him, premised upon the absence of a definition of the requirement that there be "no legitimate purpose" to his conduct. However, this issue is unpreserved for appellate review as it was at no time raised before County Court in defendant's omnibus motion or otherwise, prior to his guilty plea or at sentencing; noting the absence of any reported decision on this legislation, we decline to address it in the interest of justice (*see* CPL 470.05 [2]; 470.15 [3] [c]; [6] [a]; *People v Keebler*, 15 AD3d 724, 727 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Beaumont*, 299 AD2d 657, 658-659 [2002], *lv denied* 99 NY2d 580 [2003]).

Likewise, defendant's challenge to the sufficiency of his plea allocution is unpreserved as he neither moved to withdraw his plea nor challenged the allocution in a CPL article 440 motion (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Claudio*, 64 NY2d 858 [1985]; *People v Kemp*, 288 AD2d 635 [2001]). "Such failure deprived County Court of the opportunity to address the alleged deficiencies and, if deemed necessary, take corrective measures" (*People v Tumminia*, 272 AD2d 634, 634 [2000], *lv denied* 95 NY2d 939 [2000] [citation omitted]; *see People v Bolden*, 287 AD2d 883, 883 [2001], *lv denied* 97 NY2d 654 [2001]). In any event, defendant's responsive answers to County Court's questions during the plea colloquy unequivocally established that he had intentionally used or installed a

video camera in the victim's bedroom without her knowledge or consent. No aspect of the allocution casts doubt upon his guilt, calls into question the voluntariness of his plea or negates any element of the crime to which he pleaded guilty so as to trigger a duty by County Court to make further inquiry prior to accepting defendant's plea (*see People v Lopez, supra* at 666). We find no merit to defendant's claim that the allocution was fatally deficient based upon the absence of an express admission to having "no legitimate purpose" for his conduct, as he was not required to specifically recite and admit every element (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Lopez, supra* at 666 n 2) and in light of the rebuttable presumption on that element. Accordingly, the conviction should be affirmed.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.