■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICKY TURNER, Appellant. [811 NYS2d 232]—

Spain, J. Appeal from a judgment of the County Court of
Schenectady County (Giardino, J.), rendered November 8, 2004,
convicting defendant upon his plea of guilty of the crime of
criminal possession of a controlled substance in the fourth
degree.

Defendant pleaded guilty to one count of criminal possession
of a controlled substance in the fourth degree in satisfaction of
an eight-count indictment, following the recovery of a quantity
of cocaine from an apartment in which defendant was present.
Defendant executed a waiver of his right to appeal and was
sentenced as a second felony offender, in accordance with the
plea agreement, to a prison term of 3½ to 7 years. Defendant
now appeals.

Defendant's claim that his guilty plea was not knowing, intel-
ligent and voluntary is, of course, reviewable notwithstanding
his valid appeal waiver, but was not preserved for our review by
a motion to withdraw his plea or to vacate the judgment of
conviction (*see People v Nesbitt,* 23 AD3d 836, 837 [2005]; *People
v Santalucia,* 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856
[2005]). Moreover, defendant makes no viable claims that his
plea was other than voluntary. Instead, an examination of
defendant's contentions reflects that he is actually challenging
the sufficiency of his plea allocution with regard to constructive
possession (*see* Penal Law § 10.00 [8]; *see also People v Ocasio,*
265 AD2d 675, 676 [1999]). However, this issue was likewise not
preserved by a motion, thereby "depriv[ing] County Court of
the opportunity to address the alleged deficiencies and, if
deemed necessary, take corrective measures" (*People v Tum-
minia,* 272 AD2d 634, 634 [2000], *lv denied* 95 NY2d 939 [2000];
*see People v Lopez,* 71 NY2d 662, 665-666 [1988]; *People v*

*Bolden,* 287 AD2d 883, 883 [2001], *lv denied* 97 NY2d 654 [2001]). Furthermore, a challenge to the factual sufficiency of a plea allocution is foreclosed by defendant's appeal waiver (*see People v Nesbitt, supra; People v Tausinger,* 21 AD3d 1181, 1182 [2005]; *People v Bethea,* 19 AD3d 813, 814 [2005]; *People v Threatt,* 16 AD3d 706, 707 [2005]).

In any event, the record reflects that defendant's plea followed his codefendant's guilty plea on related charges. The codefendant was also present during the police raid and agreed to testify that defendant had been packaging the cocaine for sale prior to the police entry. During the plea colloquy, defendant admitted that prior to the entry by police, he had been in the living room where the cocaine was discovered, he knew that cocaine for sale was in that room and he had access to it and could have used it if he desired (although he denied being a user). Defendant also admitted that he had stayed there overnight.

While defendant claimed that the drugs were "not his to sell," i.e., he denied that he owned them, ownership is not an element of this possessory crime to which he pleaded guilty (*see* Penal Law § 220.09 [1]; *see also People v Sierra,* 45 NY2d 56, 61 [1978]). Defendant admitted to facts establishing his constructive possession of them, i.e., his exercise of "dominion or control" over the cocaine "by a sufficient level of control over the area in which the contraband [was] found" (*People v Manini,* 79 NY2d 561, 573 [1992]; *see People v Rodas,* 238 AD2d 358, 359 [1997] [plea]; *see also People v Banks,* 14 AD3d 726, 727-728 [2005], *lv denied* 4 NY3d 851 [2005] [trial]; *People v Elhadi,* 304 AD2d 982, 983-984 [2003], *lv denied* 100 NY2d 580 [2003]; Penal Law § 10.00 [8]). Defendant's admissions were sufficient and demonstrated substantially more than his "mere presence" in the apartment (*see People v Banks, supra* at 727).

Contrary to defendant's claims, although he initially denied possessing the drugs, upon further inquiry by County Court he unequivocally admitted facts constituting constructive possession and thereafter did not make statements which either cast doubt upon his guilt or raised concerns about the voluntariness of his plea or his understanding of the nature of the charge to which he was pleading guilty, so as to require further inquiry by County Court (*see People v Lopez, supra* at 666; *see also People v Seeber,* 4 NY3d 780, 781 [2005]). Notably, defendant's guilty plea neither required that he recite every element of the crime nor a factual exposition for each element (*see People v Seeber, supra* at 781; *People v Lopez, supra* at 666 n 2; *People v Threatt, supra* at 707). Further, at an earlier proceeding, County Court

had offered an explanation of the concept of constructive possession to defendant and directed his counsel to explain it, which we assume was done, and defendant had previously pleaded guilty in another matter to possession of a weapon under the theory of constructive possession.

Next, defendant's conclusory claims that he was forced to enter a guilty plea due to trial counsel's failure to prepare and investigate are reviewable to the extent that they impact upon the voluntariness of his plea, but lack any record support (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Frierson,* 21 AD3d 1211, 1212 [2005], *lv denied* 6 NY3d 753 [2005]). Trial counsel actively pursued discovery, made an omnibus motion seeking dismissal and other relief, and successfully argued to preclude significant aspects of defendant's criminal history at the *Sandoval* hearing. Faced with the likelihood of a cooperating codefendant's testimony against defendant and defendant's exposure to persistent felony offender sentencing, trial counsel obtained a very favorable plea agreement and we discern no support for defendant's claims of ineffective assistance.

Finally, defendant's challenge to the severity of the negotiated sentence is precluded by his comprehensive and valid waiver of appeal (*see People v Clow,* 10 AD3d 803, 804 [2004]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.