■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MISSIMER JR., Appellant. [821 NYS2d 485]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered May 2, 2005, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree and criminal possession of stolen property in the third degree.

Effectively waiving his right to appeal, defendant pleaded guilty in full satisfaction of a 21-count indictment to reckless endangerment in the first degree and criminal possession of stolen property in the third degree. He was thereafter sentenced in accordance with the negotiated plea agreement to consecutive prison terms of 3½ to 7 years. Defendant now appeals and we affirm.

Defendant's challenge to the voluntariness of his guilty plea, although not encompassed by his waiver of appeal, has not been preserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v*

*Turner,* 27 AD3d 962, 962 [2006]; *People v Nesbitt,* 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]). Moreover, defendant's attack on the factual sufficiency of the plea allocution is foreclosed by both his valid appeal waiver and failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Tausinger,* 21 AD3d 1181, 1182 [2005]; *People v Bethea,* 19 AD3d 813, 814 [2005]). Notwithstanding the foregoing, our review of the plea proceedings satisfies us that defendant's guilty plea was entered knowingly, intelligently and voluntarily (*see People v Crannell,* 23 AD3d 769, 770 [2005], *lv denied* 6 NY3d 774 [2006]). To that end, we note that there is simply no support anywhere in the record for defendant's conclusory and self-serving assertion, raised for the first time on appeal, that his trial counsel forced him to waive his rights and advised him that he had no alternative but to plead guilty.

Defendant's waiver of appeal also precludes his allegations of ineffective assistance of counsel, except insofar as the claimed ineffectiveness impacts upon the voluntariness of his plea (*see People v Wright,* 21 AD3d 583, 583-584 [2005], *lvs denied* 5 NY3d 857 [2005], 6 NY3d 820 [2006]; *People v Miller,* 12 AD3d 852, 853 [2004], *lv denied* 4 NY3d 765 [2005]), and, to the extent that it has not been waived, the absence of a motion to withdraw the plea or vacate the judgment of conviction renders the issue unpreserved for our review (*see People v Russo,* 8 AD3d 903, 904 [2004], *lv denied* 3 NY3d 681 [2004]; *People v De Berardinis,* 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). In any event, counsel secured an advantageous plea and defendant's allegations are otherwise unsubstantiated by the record and, thus, reversal in the interest of justice is unwarranted here (*see People v De Berardinis, supra* at 916). Finally, we will not review the severity of the agreed-upon sentence given defendant's voluntary appeal waiver (*see People v Lopez,* 6 NY3d 248, 255-256 [2006]; *People v Cain,* 29 AD3d 1032, 1033 [2006]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.