■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY MORGAN, Appellant. [833 NYS2d 691]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered August 19, 2005, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree and rape in the second degree.

In June 2004, defendant was charged with four counts each of rape in the first degree and rape in the second degree arising out of his conduct with a 13-year-old child. From the time of his arraignment through his plea, defendant was represented by three separate attorneys. Within days of the entry of his plea to one count each of attempted rape in the first degree and rape in the second degree, defendant sought to withdraw it. County Court denied his request and thereafter sentenced him in accordance with the plea agreement.

On appeal, defendant challenges the sufficiency and voluntariness of his plea, the adequacy of his counsel and a denial of his statutory right to a speedy trial (*see* CPL 30.30 [1] [a]).

Defendant waived his right to appeal both orally and in writing. Before accepting the plea, County Court meticulously articulated the distinction between the rights he would be relinquishing when he waived his right to appeal and those other rights which would be automatically forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]; *compare People v Cain*, 29 AD3d 1157, 1157 [2006]). County Court also inquired about the written waiver executed by defendant to ensure that he fully reviewed it with his attorney and signed it only after having been apprised of its consequences. These facts demonstrate that there was a knowing, intelligent and voluntary waiver of defendant's right to appeal, thereby constituting a relinquishment of the claims now proffered concerning a deprivation of his statutory right to a speedy trial and the factual sufficiency of his plea allocution (*see People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied* 7 NY3d 927 [2006]).

Defendant's valid waiver of appeal also precludes any challenge regarding the effectiveness of counsel, except as it relates to the voluntariness of his plea. To the extent that this claim survives the waiver, it had to be preserved by a motion to withdraw the plea or vacate the judgment of conviction (*see People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). Since defendant's motion to withdraw his plea did not contain a claim concerning counsel, it is not preserved for our review. Had it been properly asserted, we would have found it meritless. To the extent that defendant's claim of duress was properly asserted, we agree with County Court's denial of his motion to withdraw his plea on this basis.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.