■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. DENNIS, Appellant. [834 NYS2d 380]— Crew III, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered October 14, 2004, convicting defendant upon his plea of guilty of the crime of gang assault in the first degree.

On November 13, 2003, defendant was indicted and charged, in a 12-count indictment, with assault in the first degree (three counts), assault in the second degree (three counts), gang assault in the first degree, gang assault in the second degree, robbery in the first degree (two counts) and robbery in the second degree (two counts). Following his arraignment, defendant

moved to dismiss the indictment on the ground that he was denied the opportunity to testify before the grand jury by reason of the prosecution's failure to provide reasonable notice of the grand jury proceedings. County Court denied the motion, whereupon defendant pleaded guilty to gang assault in the first degree in satisfaction of the indictment. Defendant thereafter was sentenced to a prison term of 11 years with five years of postrelease supervision. Defendant now appeals and we affirm.

Initially, defendant contends that his plea was not knowingly, intelligently and voluntarily made. Suffice to say, inasmuch as defendant failed to move to withdraw his plea or vacate his judgment of conviction, that argument is not preserved for appeal (*see People v Missimer*, 32 AD3d 1114, 1114-1115 [2006], *lv denied* 7 NY3d 927 [2006]). Moreover, if we were to consider defendant's contention, we would find it to be without merit. The record reflects that defendant admitted at the plea allocution that he stabbed the victim while he and others were beating and kicking him, and he acknowledged that his attorney had discussed the consequences of his plea and that he was freely and voluntarily pleading guilty.

With regard to defendant's contention that the People failed to give him reasonable notice of the impending grand jury proceedings against him, we need note only that by entering his plea of guilty, defendant waived his right to raise this contention on appeal (*see e.g. People v Kelone*, 292 AD2d 640, 641 [2002], *lv denied* 98 NY2d 677 [2002]). Finally, we have considered defendant's remaining contentions, including his assertion that his sentence was both harsh and excessive, and find them to be equally without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.