■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM M. JACKSON, Appellant. [835 NYS2d 506]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 20, 2003, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was charged in an indictment with two counts of murder in the second degree (one count alleging intentional

murder and the other depraved indifference murder) and three counts of tampering with physical evidence stemming from allegations that he strangled his girlfriend in the course of an argument and subsequently attempted to dispose of her body and other physical evidence. He thereafter pleaded guilty to the count in the indictment alleging depraved indifference murder in full satisfaction of the indictment, waived his right to appeal and was sentenced to 20 years to life in prison.

Defendant raises two principal contentions for the first time on this appeal. First, he challenges the factual sufficiency of his 2003 plea allocution as inadequate. Under settled precedent, this claim is entirely foreclosed by his valid appeal waiver (*see People v Michalski*, 15 AD3d 918, 918 [2005], *lvs denied* 5 NY3d 854 [2005], 6 NY3d 756 [2005]; *see also People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied* 7 NY3d 927 [2006]; *People v Jackson*, 30 AD3d 824, 824-825 [2006]).

Second, he contends that his conviction must be vacated because the admitted conduct underlying the count of the indictment charging depraved indifference murder in the second degree no longer meets the definition of that crime as modified and reconfigured by subsequent Court of Appeals decisions (*see People v Feingold*, 7 NY3d 288, 293-294 [2006]; *People v Suarez*, 6 NY3d 202, 210-214 [2005]; *People v Payne*, 3 NY3d 266, 272 [2004]). We conclude that this argument is similarly foreclosed by defendant's appeal waiver. Significantly, under established principles, "an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to 'the very heart of the process' " (*People v Lopez*, 6 NY3d 248, 255 [2006], quoting *People v Hansen*, 95 NY2d 227, 230 [2000]). Here, defendant's claim is neither of a constitutional dimension nor does it fall within any of the few recognized categories of appellate claims which have been held to be nonwaivable "because of a larger societal interest in their correct resolution" (*People v Callahan*, 80 NY2d 273, 280 [1992]; *see People v Lopez, supra* at 255; *People v Campbell*, 97 NY2d 532, 535 [2002]; *People v Seaberg*, 74 NY2d 1, 9-10 [1989]). Defendant understood he was pleading guilty to depraved indifference murder in the second degree in full satisfaction of a five-count indictment, and that he was waiving all appeal rights, thereby foregoing his trial-related rights and nearly all appeal-related claims. Under these circumstances, enforcing such an appeal waiver is merely "holding defendants to bargains they have made" (*People v Seaberg, supra* at 10) as "bargains fairly made should signal an end to litigation, not a beginning" (*id.* at 8). Since defendant's claim does not fall into any recognized category which survives

appeal waivers (*see People v Lopez, supra* at 255; *People v Callahan, supra* at 280; *People v Seaberg, supra* at 9) and, importantly, involves no danger of miscarriage of justice (*see Policano v Herbert*, 7 NY3d 588, 604 [2006]), the appeal waiver is dispositive.

Finally, we note that defendant's appeal waiver does not foreclose his argument that the count of the indictment charging depraved indifference murder was jurisdictionally defective (*see People v Simmons*, 27 AD3d 786, 786-787 [2006]); however, our review reveals no merit to that claim (*see id.; People v Downs*, 26 AD3d 525, 526 [2006], *lv denied* 6 NY3d 847 [2006]; *People v Champion*, 20 AD3d 772, 774 [2005]). Defendant's remaining arguments are either foreclosed by the appeal waiver or without merit.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.