■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY GARCIA-TORO, Appellant. [839 NYS2d 344]—

Peters, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 23, 2006, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Arrested for attempted murder in the first degree, defendant waived indictment and pleaded guilty to a superior court information charging him with assault in the first degree. After executing both an oral and written waiver of appeal, he was

sentenced as a second felony offender to an agreed-upon prison term of eight years, with five years of postrelease supervision, fees, restitution and an order of protection in favor of the victim.

Upon appeal, defendant asserts that his plea was involuntary because he did not receive the effective assistance of counsel. We disagree. Prior to accepting defendant's plea, County Court meticulously distinguished those rights which would be automatically forfeited upon such plea and those which would be extinguished by a waiver of the right to appeal. Upon County Court's satisfaction that the plea was voluntary and that defendant understood the rights that he was relinquishing, it accepted defendant's plea and confirmed his waiver of the right to appeal both orally and in writing.

Finding a valid waiver, the current challenge to the effectiveness of counsel is precluded, except as it relates to the voluntariness of defendant's plea. Yet, this claim was not properly preserved by a motion to withdraw the plea or vacate the judgment of conviction (*see People v Morgan*, 39 AD3d 889, 890 [2007]; *People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied* 7 NY3d 927 [2006]). In any event, it is without merit. County Court extensively questioned defendant regarding his understanding of the plea, the rights he was relinquishing as a result of the plea and waiver, as well as his satisfaction with counsel. While defendant initially voiced an objection to the representation he received, he limited his objection to counsel's negotiation of the sentence.* Before, during and after the plea allocution, which satisfied each element of the crime to which he admitted his guilt, defendant was given an opportunity to consult with counsel. Counsel also repeatedly corresponded with defendant concerning the plea negotiations. Notably, when defendant was advised at sentencing that he could withdraw his plea since the People were now seeking restitution, defendant declined the offer. For these reasons, we would have found the plea voluntary (*see People v Lewis*, 39 AD3d 1025, 1026 [2007]; *People v Threatt*, 16 AD3d 706, 707 [2005]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

* Defendant, a second felony offender, received the minimum sentence for the crime to which he pleaded guilty.