■ The People of the State of New York, Respondent, v Cecilia Simmons, Also Known as Tank, Appellant. [844 NYS2d 484]—Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 14, 2005, convicting defendant upon her plea of guilty of the crime of murder in the second degree.

On March 14, 2002, a group of people congregated at an apartment in the City of Schenectady, Schenectady County, for the purpose of smoking crack cocaine. Jason Battaglia telephoned defendant, a drug dealer known as "Tank," and ordered $50 worth of cocaine. Defendant went to the apartment building and gave the drugs to Battaglia, who then went into the apartment. When Battaglia failed to return with the purchase money, defendant informed her partner, Shakeem Knowles, and they went to the apartment to forcefully retrieve the drugs. Upon observing Battaglia running from the apartment, Knowles gave chase, caught Battaglia and, during the ensuing scuffle, fatally stabbed him. Defendant and Knowles then fled the scene.

Defendant thereafter was arrested in North Carolina for drug possession. Upon learning of that arrest, detectives from the Schenectady Police Department went to North Carolina and interviewed defendant relevant to Battaglia's death. Thereafter, defendant was indicted and charged with two counts of murder in the second degree, and one count each of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and criminal sale of a controlled substance in the third degree. Defendant, in accordance with a plea agreement, pleaded guilty to felony murder in full satisfaction of the indictment, waived her right to appeal and was sentenced to a prison term of 15 years to life. Defendant now appeals.

Initially, we note that defendant's challenge to the voluntariness of her plea is unpreserved inasmuch as she failed to move to withdraw her plea or vacate the judgment of conviction (*see e.g. People v Dennis*, 39 AD3d 1028, 1029 [2007]). In any event, if we were to consider such contention, we would find it wholly without merit. Likewise, defendant's challenge to the sufficiency of her plea allocution, as well as her challenge to the

denial of her motion to suppress her inculpatory statements, are foreclosed from appellate review by reason of her valid waiver of appeal (*see People v Jackson*, 39 AD3d 1089, 1090 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Hunt*, 29 AD3d 1081, 1083 [2006], *lv denied* 7 NY3d 813 [2006]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.