■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JATHNIEL ESTRADA MENDEZ, Appellant. [845 NYS2d 571]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 21, 2005, convicting defendant upon his plea of guilty of the crime of kidnapping in the second degree.

In satisfaction of a 13-count indictment, defendant pleaded guilty to kidnapping in the second degree. As part of his plea, defendant waived his right to appeal. At sentencing, defendant stated that he was innocent and had been coerced into accepting the plea offer by his attorney, but he did not seek to withdraw his guilty plea. County Court thereafter sentenced defendant to 15 years in prison, in accordance with the agreement, and defendant now appeals.

We affirm. Defendant's waiver of his right to appeal from the judgment of conviction precludes any challenge to the effectiveness of counsel except as it relates to the voluntariness of his plea. Moreover, while the issue of the voluntariness of the plea does survive the waiver, it must be preserved by a motion to withdraw the plea or a motion to vacate the judgment of conviction (*see People v Garcia-Toro*, 42 AD3d 750, 751 [2007]; *People v Baldwin*, 36 AD3d 1024, 1024 [2007]), neither of which was made in this case. In any event, our review of the plea proceedings reveals nothing that cast doubt upon his guilt or called into question the voluntariness of the plea. Defendant admitted that he had committed the crime of kidnapping in the second degree, acknowledged an understanding of the rights that he was forfeiting, affirmed that he had sufficient opportunity to discuss the matter with his attorney and stated that he had not been coerced or threatened into entering the plea (*see People v Nunez*, 35 AD3d 902, 903 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Bowman*, 34 AD3d 935, 937 [2006], *lv denied* 8 NY3d 844 [2007]). Finally, defendant's valid appeal waiver precludes his challenges to County Court's suppression ruling and to the severity of his sentence (*see People v Ware*, 34 AD3d 860, 860 [2006], *lv denied* 8 NY3d 951 [2007]; *People v Scott*, 31 AD3d 816, 817 [2006]).

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.