■ The People of the State of New York, Respondent, v Dayvon Walker, Appellant. [850 NYS2d 231]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 18, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Pursuant to an agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a weapon in the third degree. He signed a written waiver of appeal and County Court sentenced him, as agreed, to two years in prison and three years of postrelease supervision. Defendant now appeals.

We affirm. Given defendant's failure to move to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness of his plea and waiver of the right to appeal were not preserved for our review (*see People v Sawyer*, 41 AD3d 1089, 1090 [2007]; *People v Missimer*, 32 AD3d 1114, 1114-1115 [2006], *lv denied* 7 NY3d 927 [2006]). In any event, we find— from the record of County Court's colloquy at the time of defendant's plea and the contents of the signed waiver—that defendant effectively waived the right to appeal (*see People v*

*Calvi*, 89 NY2d 868, 871 [1996]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Seaberg*, 74 NY2d 1, 11 [1989]).

Given his valid appeal waiver, defendant's challenges to the factual sufficiency of his recitation during the plea and to the sentence as harsh and excessive are foreclosed (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Morgan*, 39 AD3d 889, 889 [2007], *lv denied* 9 NY3d 848 [2007]). Defendant's contentions regarding the voluntariness of his plea, while not precluded by his appeal waiver, lack merit (*see People v Turner*, 27 AD3d 962, 962 [2006]). After County Court advised him of the trial-related rights he would be foregoing if he were to enter a guilty plea and of the consequences of such a plea, defendant entered a guilty plea, admitting that he possessed a loaded .22 caliber pistol while walking on a street in the City of Rensselaer, Rensselaer County, as charged in the superior court information (*see* Penal Law § 265.02 [4] [repealed in 2006]). Further, defendant made no statements during the colloquy which cast doubt upon his guilt, negated an element of the crime or raised concerns about the voluntariness of his plea so as to require further inquiry by the court (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Turner*, 27 AD3d at 962). Thus, the record reflects that defendant's plea was voluntary, knowing and intelligent (*see People v Longshore*, 86 NY2d 851, 852 [1995]; *People v Lewis*, 39 AD3d 1025, 1025 [2007]; *People v Rowland*, 14 AD3d 886, 887 [2005]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.