■ The People of the State of New York, Respondent, v Hosea Jackson, Appellant. [851 NYS2d 687]—

Cardona, P.J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 12, 2006, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and perjury in the first degree.

In satisfaction of two separate indictments, defendant pleaded guilty to one count of burglary in the second degree and one count of perjury in the first degree. He executed oral and written waivers of his right to appeal and was thereafter sentenced in accordance with the plea agreement.

Defendant now contends that his appeal waiver was not knowing, intelligent and voluntary. However, the record of County Court's colloquy reveals that the court adequately explained to defendant that he was waiving his right to appeal and described the nature of that right "without lumping [it] into the panoply of trial rights automatically forfeited upon pleading guilty" (*People v Lopez*, 6 NY3d 248, 257 [2006]; *see People v Romano*, 45 AD3d 910, 914 [2007]). Defendant unequivocally stated that he understood the nature of the right and agreed to waive it. This understanding was reiterated in the written waiver executed by defendant in open court (*see People v Ramos*, 7 NY3d 737, 738 [2006]). Moreover, "considering all the relevant facts and circumstances surrounding the waiver, including the nature

and terms of the agreement and the age, experience and background of the accused" (*People v Seaberg*, 74 NY2d 1, 11 [1989]), we do not agree with defendant's claim that statements made by County Court at sentencing *after* execution of the written waiver were so misleading as to invalidate defendant's voluntary appeal waiver.

Finally, defendant's valid appeal waiver precludes his remaining arguments challenging County Court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Mendez*, 45 AD3d 1109, 1110 [2007]; *People v Scott*, 31 AD3d 816, 817 [2006]).

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.