■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PERRY, Appellant. [855 NYS2d 733]—

Malone Jr., J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 6, 2006, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant was charged with rape in the first degree based upon allegations that he engaged in sexual intercourse with the female victim by forcible compulsion. Defense counsel and the prosecution subsequently entered into a stipulation in lieu of motions under which they agreed to certain pretrial hearings, including a Huntley hearing, and to open file discovery. Thereafter, defense counsel made a discovery motion pursuant to CPL 240.20 to preclude the prosecution from introducing certain evidence at trial, which was denied by County Court. The prosecution, in turn, made a discovery application pursuant to CPL 240.40 to obtain tissue samples from defendant for DNA testing, which was granted by County Court. Following the Huntley hearing, County Court denied defendant's motion to suppress two statements that he gave to the police. Prior to trial, defen-

dant entered into a plea agreement under which he pleaded guilty to attempted rape in the first degree and waived his right to appeal in exchange for a sentence not to exceed four years in prison, to be followed by a period of postrelease supervision. The plea agreement further provided that an order of protection would be entered in favor of the victim. Defendant was subsequently sentenced to the agreed upon prison term and five years of postrelease supervision. He now appeals.

We turn first to defendant's contention that his guilty plea was not knowingly, voluntarily or intelligently entered. Although defendant's waiver of his right to appeal does not foreclose him from raising this claim, his failure to make a motion to withdraw his plea or vacate the judgment of conviction renders it unpreserved (*see People v Baldwin*, 36 AD3d 1024, 1024 [2007]; *People v Tuper*, 256 AD2d 636, 636 [1998]). Nevertheless, even if we were to consider it, we would find it to be lacking in merit. The transcript of the plea proceedings discloses that County Court comprehensively explained the ramifications of defendant's guilty plea, including his waiver of the right to appeal, and that defendant communicated his understanding on the record. Defendant proceeded to allocute to the crime of attempted rape in the first degree and County Court accepted his guilty plea. Contrary to defendant's suggestion, there is nothing in the record to indicate that he was under the influence of a prescription drug that rendered him incapable of entering a voluntary plea. Under the circumstances presented, we find that the guilty plea and waiver of the right to appeal were knowing, voluntary and intelligent (*see People v Olivieris*, 40 AD3d 1313, 1314 [2007]).

In light of defendant's valid waiver of the right to appeal, he is precluded from challenging the denial of his suppression motion and the severity of his sentence (*see People v Mendez*, 45 AD3d 1109, 1110 [2007]), as well as the factual sufficiency of his plea allocution (*see People v Simmons*, 45 AD3d 882, 882-883 [2007]). He is also precluded from raising claims that do not implicate his constitutional rights (*see People v Morelli*, 46 AD3d 1215, 1216-1217 [2007]), such as County Court's rulings on discovery matters (*see generally Matter of Brown v Grosso*, 285 AD2d 642, 643-644 [2001], *lv denied* 97 NY2d 605 [2001]). Furthermore, defendant is foreclosed by his waiver of the right to appeal from challenging the effectiveness of his counsel except to the extent that it impacts the voluntariness of his plea (*see People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]). His claims in this regard are unpersuasive. Accordingly, we find no reason to disturb the judgment of conviction.

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.