■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. CLARK, Appellant. [860 NYS2d 659]—Cardona, P.J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered May 9, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree and waived his right to appeal. Thereafter, defendant was sentenced, as a second felony offender, to the agreed-upon term of 10 to 20

years in prison, with that sentence to run concurrently with a one-year sentence previously imposed upon defendant's prior probation violation. Contending that he was not afforded the effective assistance of counsel and that the negotiated sentence was harsh and excessive, defendant appeals.

Notably, defendant does not challenge the validity of the waiver of his right to appeal. While that waiver does not bar his assertion of ineffective assistance of counsel to the extent that it relates to the voluntariness of his plea, defendant's "failure to move to withdraw his plea or vacate the judgment of conviction renders the claim unpreserved for our review" (*People v Baldwin*, 36 AD3d 1024, 1024 [2007]; *see People v Garcia-Toro*, 42 AD3d 750, 751 [2007], *lv denied* 9 NY3d 990 [2007]; *People v Morgan*, 39 AD3d 889, 890 [2007], *lv denied* 9 NY3d 848 [2007]). In any event, even if the issue were properly before us, we would find it to be lacking in merit. A review of the plea colloquy reflects that defendant fully understood the rights he was relinquishing, including the right to make suppression motions, and his potential exposure relative to sentencing. He also acknowledged that he had the opportunity to confer with counsel and expressed satisfaction with counsel's representation.

Finally, with respect to defendant's contention that the sentence imposed was harsh and excessive, we note that his valid appeal waiver precludes him from raising this issue (*see People v Nickell*, 49 AD3d 1024, 1025 [2008]).

Spain, Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.