# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1245**
**KA 08-01501**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

ANTONIO NUNES, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL B. JONES, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 28, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]) and, in appeal No. 2, he appeals from the resentence imposed on that conviction. With respect to appeal No. 1, defendant contends that he was "overcharged" with attempted robbery in the second degree because there was no proof of any physical injury to the victim. Defendant validly waived his right to appeal, however, and that valid waiver encompasses his present contention (*see People v Jackson*, 39 AD3d 1089, 1090-1091, *lv denied* 9 NY3d 845; *see generally People v Lopez*, 6 NY3d 248, 255).

With respect to appeal No. 2, defendant contends that the resentence, which imposed a period of postrelease supervision that had been omitted from the original sentence, violated the constitutional prohibition against double jeopardy. The Double Jeopardy Clause prohibits the imposition of a period of postrelease supervision at resentencing if it "was not formally pronounced by the sentencing court pursuant to CPL 380.20 . . . [and] defendant has served the determinate term of imprisonment and has been released from confinement" by the Department of Correctional Services (*People v Williams*, 14 NY3d 198, 217, *cert denied* ___ US ___, 131 S Ct 125; *see* US Const Amend V). In this case, however, defendant had not completed serving his initial sentence at the time of the resentencing and,

because he had no "legitimate expectation of finality [until that] initial sentence ha[d] been served," the Double Jeopardy Clause did not bar County Court from resentencing him to impose the required period of postrelease supervision (*Williams*, 14 NY3d at 217; *cf. People v Rees*, 74 AD3d 1815). Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the resentence (*see Lopez*, 6 NY3d at 256).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court