■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN F. FINK, Appellant. [948 NYS2d 763]—

Lahtinen, J.

In February 2009, defendant was charged in a six-count indictment with various crimes, including felony driving while intoxicated. The following month, March 2009, he was indicted for two counts of criminal contempt in the first degree. In satisfaction of both indictments, defendant pleaded guilty in April 2009 to one count of felony driving while intoxicated and one count of criminal contempt in the first degree with the understanding that, if he completed an alcohol rehabilitation program and was not arrested for any new offenses before sentencing, the People would recommend a sentence of five years of probation. County Court warned him that failure to adhere to those terms could result in consecutive prison sentences of up to 1$^1$/$_3$ to 4 years on each of the two counts.

Defendant failed to enter the alcohol rehabilitation program and, moreover, he was arrested in May 2009 and charged with attempted robbery in the first degree, menacing in the second degree and criminal possession of a weapon in the third degree. He appeared for sentencing on the two previous indictments and, at that time, he entered into a plea agreement whereby he waived his right to indictment on the charges that occurred in May 2009, consented to prosecution on a superior court information and pleaded guilty to criminal possession of a weapon in the third degree in satisfaction of all charges related to his May 2009 arrest. The agreed prison sentence was 1$^1$/$_3$ to 4 years on criminal possession of a weapon and also on the two earlier crimes to which he had pleaded guilty, all sentences to run concurrently. He was sentenced in accordance with the plea and now appeals.

We affirm. Defendant asserts that the plea colloquy failed to sufficiently establish the crime of criminal possession of a weapon in the third degree. "[A] challenge to the factual sufficiency of a plea allocution is foreclosed by defendant's appeal waiver" (*People v Turner*, 27 AD3d 962, 963 [2006]; *see People v Goldstein*, 51 AD3d 1271, 1273 [2008], *affd* 12 NY3d 295 [2009]; *People v Jackson*, 39 AD3d 1089, 1090 [2007], *lv denied* 9 NY3d 845 [2007]). In any event, the comment by defendant during the plea, in which he initially indicated that he did not possess a knife, did not render the plea insufficient. Following the comment, County Court made clear that the plea could not be accepted if defendant did not possess a knife, the court asked defense counsel if she wanted to speak with defendant, and the District Attorney offered clarification that defendant was not being asked to admit attempted robbery or menacing but simply that he possessed a knife. Defendant then unequivocally agreed that he had possessed a knife (*see People v Edwards*, 55 AD3d

1337, 1338 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Turner*, 27 AD3d at 963).

County Court did not err in imposing an enhanced sentence for defendant's failure to adhere to the terms of the plea involving the February 2009 and March 2009 indictments. Defendant admitted failing to enroll in the required rehabilitation program and, by pleading guilty to a crime arising from his May 2009 arrest, it is clear that there was a legitimate basis for his post-plea arrest (*see People v Outley*, 80 NY2d 702, 713 [1993]). Moreover, the sentences for those earlier two crimes was part of the combined plea negotiated with the plea to the May 2009 crime, which included the favorable disposition of running the sentences for the three separate crimes concurrently.

Contrary to defendant's contention, the record reveals that counsel—who negotiated advantageous pleas—provided meaningful representation (*see People v Nieves*, 89 AD3d 1285, 1286 [2011]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). The remaining arguments have been considered and are unavailing.

Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.