People v Carota (2025 NY Slip Op 00808)

People v Carota

2025 NY Slip Op 00808

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

113597 CR-22-2187
[*1]The People of the State of New York, Respondent,
v
Robert Carota, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Eric M. Galarneau, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered April 8, 2022, convicting defendant upon his plea of guilty of the crime of driving while intoxicated (two counts), and (2) by permission, from an order of said court, entered November 8, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of two multicount indictments related to separate driving incidents, defendant pleaded guilty to two counts of driving while intoxicated and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was sentenced to concurrent prison terms of 1 to 3 years. Defendant subsequently moved, pro se, to vacate the judgment of conviction pursuant to CPL 440.10, which motion the People opposed. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
Initially, we disagree with defendant that his appeal waiver was not knowing, intelligent and voluntary. Defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and County Court explained the separate and distinct nature of the waiver — including that he would retain certain appellate rights — and defendant confirmed that he understood (see People v Gatchell, 208 AD3d 1549, 1550 [3d Dept 2022]; People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]). After conferring with counsel, defendant executed a detailed written appeal waiver in open court that expressly informed him that certain appellate issues survived the waiver, and defendant affirmed that he had reviewed the written waiver with counsel and understood its contents (see People v Robinson, 213 AD3d 1002, 1003 [3d Dept 2023]; People v Ruest, 206 AD3d 1174, 1174-1175 [3d Dept 2022]). Contrary to defendant's contentions, "considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (People v Seaberg, 74 NY2d 1, 11 [1989]), we do not find that County Court's later brief misstatement regarding the scope of defendant's appellate rights, which occurred after he executed the appeal waiver, was so misleading as to invalidate defendant's appeal waiver (see People v Jackson, 48 AD3d 885, 885-886 [3d Dept 2008], lv denied 10 NY3d 960 [2008]). Notably, the court reminded defendant at sentencing that he retained the right to file an appeal notwithstanding his appeal waiver.
Defendant next argues that the People failed to timely disclose certain evidence prior to the guilty plea in violation of CPL 245.25 (2) and, accordingly, that the plea must be vacated. CPL 245.25 (2) provides, in relevant part, that certain disclosure must occur at least seven days prior to the expiration of a plea offer, and, where the People fail [*2]to so comply, "then, on a defendant's motion alleging [such] a violation . . . , the court must consider the impact of any violation on the defendant's decision to accept or reject a plea offer." Defendant concedes, however, that he did not file a motion alleging a violation of CPL 245.25 so as to preserve this claim (see CPL 245.25 [2]). Indeed, although there are circumstances where the preservation requirement is inapplicable (see e.g. People v Johnson, 201 AD3d 1208, 1208 [3d Dept 2022]), the record here reflects that defense counsel confirmed one week prior to defendant's guilty plea that the materials now alleged to not have been disclosed were, in fact, received (see generally People v Sweet, 200 AD3d 1315, 1320 [3d Dept 2021], lv denied 38 NY3d 930 [2022]; People v Pizarro, 185 AD3d 1092, 1094 [3d Dept 2020]). We further note that our review of the record does not reveal that a deadline was imposed upon the underlying plea offer such that CPL 245.25 was applicable (see CPL 245.25 [2]; People v Hewitt, 201 AD3d 1041, 1043 [3d Dept 2022], lv denied 38 NY3d 928 [2022]). To the extent that he challenges the voluntariness of his plea predicated upon a violation of CPL 245.25, defendant concedes that he failed to preserve this claim by raising same in a motion to withdraw his plea (see People v Agueda, 202 AD3d 1153, 1154 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]; People v Smith, 121 AD3d 1131, 1132 [3d Dept 2014], lv denied 24 NY3d 1123 [2015]), and the narrow exception to the preservation rule is inapplicable (see People v Miller, 221 AD3d 1177, 1178-1179 [3d Dept 2023]; People v Lobao, 178 AD3d 1238, 1239 [3d Dept 2019], lv denied 35 NY3d 971 [2020]).
Turning to the denial of defendant's CPL 440.10 motion, "the purpose served by a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Durham, 195 AD3d 1318, 1320 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 1160 [2022]). Upon such motion, "a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Wilcox, 218 AD3d 965, 966 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Baez-Arias, 203 AD3d 1409, 1410 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]). "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination . . . that is subject to [appellate] review for an abuse of discretion" (People v Jones, 24 NY3d 623, 635 [2014]).
In support of his CPL 440.10 motion, defendant alleged that the People failed to disclose certain [*3]evidence, however, as previously discussed, his contention is belied by the record. Similarly, as to defendant's challenge to the integrity of the grand jury proceedings, his claims in this regard are "based on facts that either were sufficiently apparent from the face of the record or — through the exercise of defendant's due diligence — could have been readily made to appear upon the record in a manner that would have permitted adequate appellate review upon defendant's direct appeal" (People v Johnson, 194 AD3d 1267, 1268-1269 [3d Dept 2021]; see CPL 440.10 [2] [b]; [3] [a]). Finally, defendant's ineffective assistance of counsel claim is based solely upon defendant's own conclusory affidavit and is either contradicted by the record or otherwise unsubstantiated (see CPL 440.30 [4] [d]; People v Spradlin, 188 AD3d 1454, 1460-1461 [3d Dept 2020], lv denied 37 NY3d 960 [2021]). To the extent that defendant faulted his trial counsel for failing to pursue a speedy trial motion, "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]; see CPL 30.30 [1] [a]). In light of the foregoing, County Court did not abuse its discretion in denying defendant's motion without a hearing (see CPL 440.30 [4] [d]; People v Spradlin, 188 AD3d at 1460-1461).
Clark, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.