■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. KALVAITIS, Appellant. [656 NYS2d 975] —Cardona,

P. J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered January 26, 1996, convicting defendant upon his plea of guilty of the crimes of criminally negligent homicide, assault in the third degree, criminal mischief in the third degree and failure to operate a vessel in a careful and prudent manner.

Defendant was involved in a nighttime boating accident wherein the boat he was operating—at a speed of approximately 45 miles per hour—struck another boat, killing one passenger and seriously injuring another. Defendant was charged by indictment with criminally negligent homicide, assault in the third degree, unreasonable speed of a vessel and reckless operation of a vessel. Subsequently, the District Attorney amended the charge of reckless operation of a vessel to failure to operate a vessel in a careful and prudent manner (see, Navigation Law § 45 [1] [a]).

In a second unrelated case, defendant was charged in a superior court information with the crimes of burglary in the third degree and criminal mischief in the third degree arising out of allegations that he had forcibly entered his former girlfriend's residence. In satisfaction of the charges in the indictment and in the superior court information, defendant pleaded guilty to criminally negligent homicide, assault in the third degree, criminal mischief in the third degree and failure to operate a vessel in a careful and prudent manner.

Prior to sentencing, defendant moved to vacate the plea. County Court denied the motion and thereafter sentenced him to two concurrent prison terms of $1^1/_3$ to 3 years in accordance with the negotiated plea bargain. Defendant appeals.

We affirm. Defendant's claim that County Court erred in permitting the People to amend the indictment has not been preserved for our review (see, CPL 470.05 [2]; People v Harvey, 212 AD2d 730, lv denied 86 NY2d 736).

Defendant next argues that County Court lacked jurisdiction to accept his plea to the superior court information because there was no waiver of indictment. This claim is belied by the record which shows that defendant appeared in open court and, in the presence of his attorney, executed an appropriate waiver which was approved by County Court as evidenced by its written order to that effect (see, CPL 195.10, 195.20, 195.30).

We further find no basis to disturb County Court's denial of defendant's motion to withdraw his guilty plea (see, CPL 220.60 [3]). The record of the plea allocution reveals that County Court apprised defendant of the rights that he was giving up by pleading guilty and the ramifications of his plea. Defendant

acknowledged his understanding and stated unequivocally that his plea was voluntary. He did not claim innocence during the plea allocution and understood that he was waiving any defenses. Moreover, defendant clearly admitted his guilt to the crimes charged (*see, People v Brown*, 235 AD2d 563, 564). Finally, there is no evidence in the record to support defendant's claim that he was coerced into entering a plea by statements made by his former attorney.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.