■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE G. THORNTON, Appellant. [662 NYS2d 142] —Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 15, 1996, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

In satisfaction of an indictment charging him with murder in the second degree in connection with the shooting death of his adoptive father, defendant pleaded guilty to manslaughter in the first degree; as a part of the plea he waived his right to appeal, reserving the right to challenge the propriety of the sentence imposed. Before being sentenced, defendant moved to withdraw his plea on the ground that extenuating circumstances existed, to wit, years of sexual abuse inflicted upon him by his adoptive father. County Court denied defendant's motion and sentenced him to a prison term of 12 to 24 years.

Our review of the record reveals no abuse of discretion in County Court's denial of defendant's motion to withdraw his

plea of guilty (*see*, CPL 220.60 [3]). The record discloses that defendant was apprised of the fact that by pleading guilty he was giving up his right to a trial and all rights in connection therewith, which would include a defense of any alleged sexual abuse (*see*, *People v Kalvaitis*, 238 AD2d 756, 757-758; *People v Castro*, 175 AD2d 953, *lv denied* 79 NY2d 825). Furthermore, before entering a knowing and voluntary guilty plea, defendant was advised by defense counsel, with whose services defendant was satisified, of the consequences thereof (*see*, *People v Hudson*, 237 AD2d 759). In addition, defense counsel's failure to join in defendant's *pro se* motion to withdraw his plea did not constitute ineffective assistance of counsel under these circumstances (*see*, *People v Hayes*, 194 AD2d 998). Finally, we conclude that the sentence was not unduly harsh given the favorable plea bargain and, accordingly, we find no reason to disturb it.

Cardona, P. J., Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.