■ The People of the State of New York, Respondent, v Tyrone Pace, Also Known as Scott Pace, Appellant. [728 NYS2d 546] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 15, 2000, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

In satisfaction of a two-count indictment accusing defendant of having sexual intercourse with a 13-year-old female victim, defendant pleaded guilty to the crime of rape in the first degree. He also waived his right to appeal. At sentencing, defendant's request to withdraw his plea was denied. He was sentenced as a second felony offender in accordance with the plea bargain to 15 years in prison, and he now appeals.

Initially, although the record demonstrates that defendant's waiver of his right to appeal was knowingly and voluntarily made, the waiver does not preclude judicial review of the vol-

untariness of his plea (*see, People v Seaberg*, 74 NY2d 1, 10). Furthermore, by moving to withdraw his plea, defendant preserved his right to challenge the voluntariness of his plea (*see, People v Sandlin*, 282 AD2d 833; *People v D'Adamo*, 281 AD2d 751).

Turning to the merits, we are unpersuaded by defendant's claim that the allocution was insufficient. Contrary to defendant's argument, the record establishes that he admitted to the element of "forcible compulsion" (Penal Law § 130.35 [1]) during the allocution. Defendant affirmatively stated that "by [his] actions [the victim] felt compelled" to engage in sexual intercourse. Defendant also agreed that he grabbed the victim's hands and placed her "in fear of immediate physical injury." Our review of the colloquy satisfies us that the counseled plea was knowing, voluntary and complete. While defendant did make some ambiguous comments during the course of the allocution, the record reveals that County Court made all appropriate inquiries. Notably, defendant acknowledged, *inter alia*, that he understood the ramifications of his plea and waiver and that he was entering the guilty plea voluntarily. Consequently, we are unpersuaded by defendant's challenge to the validity of his plea.

Next, we do not agree that County Court erred in denying defendant's motion to withdraw his plea. The question of whether to grant such a motion rests in the sound discretion of the trial court (*see, People v Davis*, 250 AD2d 939). Here, given the absence of anything in the record to substantiate defendant's conclusory claim of innocence (*see, id.*), we do not find that County Court abused its discretion.

Furthermore, to the extent that defendant's allegations of ineffective assistance of counsel survive his waiver of his right to appeal, we are unpersuaded that he was denied the meaningful assistance of counsel. In representing defendant, counsel made various pretrial motions and negotiated a favorable prison sentence. Under the circumstances, defense counsel's representation was not constitutionally defective (*see, People v Victor*, 262 AD2d 872, 874, *lv denied* 94 NY2d 830).

Finally, defendant's harsh and excessive sentence claim is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733). In any event, this argument lacks merit given, *inter alia*, defendant's criminal history, which includes a prior felony conviction for molesting another underage female victim. Accordingly, we find no reason on this record to disturb the sentence imposed.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.