■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McCANN, Appellant. [733 NYS2d 804] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Main, Jr., J.), rendered August 22, 2000, convicting defendant upon his plea of guilty of the crime of offering a false instrument in the first degree.

Defendant claims that his guilty plea and waiver of the right to appeal were involuntary as a result of the effects of the muscle relaxant, antidepressant and pain reliever he was taking at the time he entered the plea and executed the waiver. The claim survived defendant's waiver of the right to appeal (*see, People v Seaberg*, 74 NY2d 1, 10-11) and was preserved by his motion to withdraw the plea at sentencing (*see, People v Pace*, 284 AD2d 806). Nevertheless, the record demonstrates that the claim has no merit.

County Court conducted a sufficient inquiry to establish that defendant understood the nature of the proceeding and the consequences of his plea, including the rights he was waiving. During the course of the allocution, defendant's responses were

---

lucid, rational and, where appropriate, consisted of more than yes or no answers (*see, People v Passero*, 222 AD2d 858, *lv denied* 88 NY2d 851). As a result of defense counsel's reference to defendant's medications, the court questioned defendant about them and he accurately described the reason for the prescriptions and the specific name of each medication. In response to the court's inquiry, defense counsel acknowledged that he was aware that defendant was taking the medications and that he found defendant perceptive and able to understand their discussions (*see, People v Colon*, 217 AD2d 725). Inasmuch as the allocution as a whole demonstrated that defendant was lucid and rational and fully comprehended the nature of his plea and its consequences, and with nothing in the allocution to suggest that the medications impaired defendant in any way, we reject defendant's argument that the court was required to inquire further with regard to possible effects of the medication. We also note that defendant's request to withdraw his plea was unsupported by any evidence sufficient to raise a question regarding the effects of the medication or the voluntariness of the plea (*compare, People v D'Adamo*, 281 AD2d 751, *with People v Cummings*, 194 AD2d 994, *lv denied* 82 NY2d 752).

Having concluded that defendant's plea and waiver of the right to appeal were voluntary, we need not consider defendant's argument concerning the severity of the sentence, which was encompassed by the waiver. In any event, we find neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances that would warrant a modification.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.