■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNE M. BATCHER, Appellant. [736 NYS2d 920] —Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered August 31, 2000, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree.

Pursuant to a plea bargain, defendant waived indictment, entered a plea of guilty to charges of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree and waived her right to appeal. Defendant was promised a sentence of 3 to 9 years in prison on the drug sale charge and a concurrent definite one-year term on the weapon charge. Claiming that she was innocent of the drug sale and was suffering from postpartum depression when she entered her guilty plea, defendant moved

---

* Defendant's statement to the police, however, indicates that two of the incidents involved sexual contact.

to withdraw the plea. County Court denied the motion and sentenced defendant in accordance with the plea bargain. Defendant appeals.

Defendant's challenge to the voluntariness of her plea survived her waiver of the right to appeal and was preserved by her motion to withdraw the plea (see, People v Pace, 284 AD2d 806). A review of the plea allocution discloses that defendant, who was represented by counsel, was fully informed of the rights she was waiving, understood the nature and consequences of her plea, was acting of her own free will without any coercion, had no mental health problems, and admitted that she committed the drug sale and weapon possession crimes at the time and place alleged in the superior court information. Accordingly, the allocution was sufficient to demonstrate that her plea was the result of a knowing, voluntary and intelligent choice (see, e.g., People v Bolden, 289 AD2d 607; People v Dashnaw, 260 AD2d 658, lv denied 93 NY2d 968). Whether to permit defendant to withdraw the guilty plea was a matter within County Court's sound discretion and, absent an abuse of that discretion, the court's determination will not be disturbed (see, People v Bonilla, 285 AD2d 746). In view of the absence of any evidence in the record to substantiate defendant's subsequent claims of innocence and postpartum depression, claims which are inconsistent with her sworn statements at the time of the plea, we see no abuse of discretion in the court's denial of the motion (see, People v Gibson, 261 AD2d 710; People v Hunter, 246 AD2d 913).

In light of our resolution of defendant's challenge to the voluntariness of her plea, her final claim regarding the severity of the sentence is encompassed by her waiver of the right to appeal (see, People v McCann, 289 AD2d 703). In any event, we find neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances that would warrant a modification.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.