■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. PERRON, Appellant. [774 NYS2d 837]—

Peters, J.P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered July 19, 2002, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

Following a jury trial, defendant was convicted of the crimes of attempted murder in the second degree, rape in the first degree, two counts of sodomy in the first degree, assault in the first degree and assault in the second degree. He was sentenced as a second felony offender to consecutive prison terms resulting in an aggregate sentence of 25 to 50 years. Defendant's conviction was affirmed on appeal (172 AD2d 879 [1991], lv denied 77 NY2d 999 [1991]). He thereafter moved, pursuant to CPL 440.10 and 440.20, for an order vacating the judgment of conviction and setting aside the sentence. This Court reversed County Court's order which had denied the motion without a hearing (273 AD2d 549 [2000]). After a hearing upon remittal, County Court resentenced defendant to an aggregate prison term of 16⅔ to 50 years, but declined to vacate the judgment of conviction. Defendant appealed and we reversed; remittal for a new trial was ordered upon our finding that defendant was deprived of the effective assistance of trial counsel (287 AD2d 808 [2001], lv denied 97 NY2d 686 [2001]).

Prior to retrial, the prosecution offered defendant a plea to attempted murder in the second degree with a maximum prison

sentence of 25 years. Defendant rejected the offer, asserting that before the case was originally tried, a more favorable plea offer of 7½ to 15 years was extended. The prosecution disputed that it ever made such an offer. They acknowledged that their file contained information concerning an offer of 10 to 20 years, but denied that such offer was ever proffered to defendant. Defendant accepted a plea having a maximum prison sentence of 7⅔ to 23 years.

Defendant's current appeal claims a denial of due process because of the prosecution's vindictiveness in failing to extend the more favorable plea offer made at the time of the original trial. Defendant asserts that such impropriety warrants a reduction of his sentence. We disagree. The presumption of prosecutorial vindictiveness may arise where a defendant successfully challenges his or her first conviction and thereafter demonstrates circumstances suggesting a retaliatory motive when he or she receives a more severe sentence upon retrial (*see United States v Goodwin,* 457 US 368, 373-374 [1982]; *North Carolina v Pearce,* 395 US 711, 724-726 [1969]; *People v Miller,* 65 NY2d 502, 508 [1985], *cert denied* 474 US 951 [1985]; *People v Moye,* 4 AD3d 488, 489 [2004]). Defendant's proffer here was simply insufficient to raise this presumption. In any event, his guilty plea forfeited his right to make this claim (*see People v Rodriguez,* 55 NY2d 776, 777 [1981]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.