■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MOORE, Also Known as CASH, Appellant. [777 NYS2d 923]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered May 18, 2000, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In consideration of his plea of guilty to the crime of robbery in the second degree, defendant was promised an initial prison sentence of 7½ to 15 years. In addition, however, County Court agreed to permit defendant to withdraw his plea at a later date and then plead guilty to the reduced charge of grand larceny provided that, in the interim, defendant furnished certain assistance to the authorities in locating and apprehending one of defendant's accomplices in the underlying crime. In the event that defendant "cooperate[d] with the police and [brought] this matter to a successful conclusion and prosecution," County Court agreed to consider imposing a sentence of 1⅓ to 3 years in prison. At defendant's subsequent sentencing, some debate arose concerning the level of defendant's cooperation with police and whether the information he had provided had been useful. Although County Court offered to hold a hearing to resolve that debate, defendant instead chose to go forward with sentencing. County Court thereafter sentenced defendant, as a second felony offender, to six years in prison.

Inasmuch as defendant elected to not pursue a motion to withdraw his plea of guilty and did not move to vacate the judgment of conviction, his present challenge to the validity of his plea is unpreserved for our review (see People v Davis, 4 AD3d 567, 568 [2004]; People v Boyce, 2 AD3d 1208, 1209 [2003], lv denied 2 NY3d 737 [2004]). In any event, the circumstances concerning defendant's plea and the various terms and conditions thereof were not, in our view, so vague or confusing as to render defendant's plea unintelligent, unknowing or involuntary. County Court carefully explained the rights which defendant would be relinquishing by operation of his plea and ascertained defendant's understanding of same (see People v McCann, 303 AD2d 780, 781 [2003], lv denied 100 NY2d 584 [2003]). Defendant cogently answered questions posed by the court, expressed satisfaction with counsel and indicated that he was entering a plea voluntarily. In addition, County Court categorically stated, on at least two occasions during the plea proceeding, that the court's possible reconsideration of the plea and sentence was contingent upon defendant's cooperation in the investigation concerning his accomplice. Although defen-

dant avers that he thereafter gave the police his full cooperation, the People disagreed and defendant declined the court's offer to hold a hearing on the matter. In any event, County Court explicitly gave some credence to defendant's representations concerning the assistance that he provided and did, in fact, impose a lesser sentence than was contemplated at the time of the plea. Under these circumstances, we find no reason to disturb the judgment of conviction on the ground of an involuntary plea.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.