(January 19, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL MURRAY, Appellant. [807 NYS2d 473]—

Peters, J. Appeals (1) from a judgment of the County Court of Franklin County (Nicandri, J.), rendered January 25, 2002, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) by permission, from an order of said court (Main, Jr., J.), entered November 12, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, charged with one count of promoting prison contraband in the first degree, pleaded guilty to one count of attempted promoting prison contraband in the first degree. His plea included a waiver of appeal except as to the sentence. Prior

to sentencing, he unsuccessfully moved to withdraw his plea. A subsequent CPL 440.10 motion was denied without a hearing. He appeals from the judgment of conviction and, by permission, from the order denying his postconviction motion.

Defendant's contention that the seven-month delay between the indictment and his arraignment was unreasonable is unpreserved for our review (*see People v Crosby*, 293 AD2d 915, 916 [2002], *lv denied* 98 NY2d 696 [2002]). Next addressing his challenge to the voluntariness of his plea, we find the contention to survive the waiver of appeal and to be preserved by his motion to withdraw the plea (*see People v Batcher*, 291 AD2d 581, 582 [2002]). The plea allocution, however, reflects a fully informed plea by a represented defendant, who expressly stated his awareness of the consequences of his plea as well as his satisfaction with counsel (*see People Lerario*, 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Bolden*, 289 AD2d 607, 609 [2001], *lv denied* 98 NY2d 649 [2002]).

Such plea forecloses our review of defendant's contentions, raised in his supplemental pro se brief, alleging vindictive prosecution and a denial of an opportunity to testify before the grand jury (*see People v Perron*, 6 AD3d 937, 938 [2004], *lv denied* 3 NY3d 645 [2004]; *People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]). Moreover, County Court's refusal to assign defendant new counsel on his motion to withdraw the plea did not constitute an abuse of discretion (*see People v Bolden, supra* at 610); counsel's failure to join in that motion did not relegate his assistance ineffective (*see People v Thornton*, 242 AD2d 784, 785 [1997], *lv denied* 91 NY2d 881 [1997]).

Finally, addressing defendant's contention that it was error to deny his CPL 440.10 motion without a hearing, it is well settled that such determination is discretionary with the trial court. Inasmuch as defendant's motion did not expressly raise the issues of ineffective assistance or innocence, instead alleging only bare factual allegations in support of the motion, we find no error (*see People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.