■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. KLEIN, JR., Appellant. [809 NYS2d 264]—

Rose, J. Appeals from two judgments of the County Court of Broome County (Smith, J.), rendered January 16, 2004, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and attempted robbery in the first degree.

Defendant was charged with robbery in the first degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. When the People offered a prison sentence of five years in exchange for defendant's plea to a reduced charge of attempted robbery in the first degree and his cooperation with the authorities regarding uncharged crimes, defendant pleaded guilty. Although he later provided some false information to the authorities, he also admitted to his participation in six burglaries and one other robbery. After assignment of new counsel and prior to sentencing, defendant moved to withdraw his guilty plea. County Court denied his motion and, following an *Argentine* hearing (*see People v Argentine*, 67 AD2d 180, 184 [1979]), found that he had cooperated sufficiently with

the People to merit the reduced sentence. Accordingly, the court sentenced defendant to the promised five-year prison term.*

On appeal, defendant argues primarily that he should have been permitted to withdraw his plea of guilty. We see no reason why. During the plea colloquy, County Court informed defendant of the rights being given up and the consequences of entering a guilty plea. Defendant indicated that he understood the rights he would be waiving, stated that he was not coerced into making the plea and acknowledged that he had sufficiently discussed the plea bargain with his counsel (*see People v Lerario,* 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004]). He then gave detailed descriptions and affirmative responses admitting to the charged crimes, and his later claim of innocence is unsubstantiated by any evidence whatsoever (*see People v Batcher,* 291 AD2d 581, 582 [2002]; *People v Mercedes,* 171 AD2d 1044, 1045 [1991], *lv denied* 77 NY2d 998 [1991]). Although defendant now argues that his mere statement during his plea allocution that he had been smoking crack cocaine and drinking beer before the robbery obligated County Court to inquire as to the possible defense of intoxication, his responses during the allocution reveal that he was fully aware of his participation in the crime (*see People v Lasher,* 14 AD3d 943, 944 [2005]; *People v Jaworski,* 296 AD2d 597, 598 [2002]). Also, inasmuch as defendant was ultimately sentenced to the agreed-upon five-year prison term despite the People's dissatisfaction with his cooperation and ultimate refusal to make the promised sentence recommendation, he received the full benefit of his bargain.

We are also unpersuaded that defendant's plea was based on legally insufficient evidence simply because his allocution established that he had used a "knife-like instrument" during the robbery and he did not specifically admit that it was a "dangerous instrument" (Penal Law § 160.15 [3]). While a "knife-like instrument" could conceivably be harmless, there was no suggestion here that the weapon he admittedly used to compel the victim to relinquish money was incapable of inflicting physical injury (*see People v Mendoza,* 244 AD2d 815, 816 [1997], *lv denied* 91 NY2d 943 [1998]). Further, we conclude that his counsel, who negotiated a very favorable, comprehensive plea bargain, provided him with meaningful representation (*see People v Allen,* 15 AD3d 689, 690 [2005]; *People v Scott,* 12 AD3d 716, 717-718 [2004]). We have reviewed each of defendant's remaining arguments and find them to be equally meritless.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgments are affirmed.

---

* Defendant also pleaded guilty to grand larceny in the fourth degree and he was sentenced to a concurrent prison term of 1½ to 3 years.