■ The People of the State of New York, Respondent, v Lawrence Lee, Also Known as G, Also Known as G-SPAWN, Appellant. [824 NYS2d 452]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 28, 2003, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of an eight-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. He thereafter moved to withdraw his plea on the basis that it was not voluntarily entered. Specifically, defendant claimed that he was not provided sufficient opportunity to review discovery materials prior to deciding whether to plead guilty or go forward with pretrial suppression hearings and face revocation of the plea offer by the People. County Court denied defendant's motion and sentenced him in accordance with the negotiated plea agreement to 4½ to 9 years in prison. Defendant now appeals.

We affirm. Initially, contrary to the People's assertion, defendant's argument does concern the voluntariness of his plea and, as such, survives defendant's waiver of his right to appeal. Moreover, the issue has been preserved for our review by defendant's motion to withdraw the plea (*see People v Murray*, 25 AD3d 911, 912 [2006], *lv denied* 6 NY3d 896 [2006]; *People v Batcher*, 291 AD2d 581, 582 [2002]).

Turning to the merits, the plea minutes reveal that defendant, by his own assertions, had adequate time to consult with his attorney and was satisfied with his services, fully understood his rights and agreed to give them up and was not threatened or promised anything in exchange for his plea. Defendant then freely admitted the facts underlying the crime and pleaded guilty. Under these circumstances, County Court providently exercised its discretion in denying defendant's motion to withdraw his plea on the ground that it was voluntarily and

intelligently entered (*see People v Morris*, 30 AD3d 632, 632 [2006]; *People v Kagonyera*, 23 AD3d 840, 841 [2005]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.