■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO NUNEZ, Appellant. [825 NYS2d 806]—

Rose, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 25, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

While serving time in prison on an unrelated charge, defendant was charged with promoting prison contraband and two counts of assault in the first degree. After he initially rejected a negotiated plea bargain and pleaded not guilty, his counsel moved to be relieved and requested assignment of a Spanish-speaking attorney. Unable to find such an attorney, County Court denied the motion without prejudice and provided a Spanish-speaking interpreter to assist defendant and his counsel. Following further negotiations by his counsel and after consulting with his family, defendant pleaded guilty to assault in the second degree in full satisfaction of all charges. At sentencing, however, defendant created a violent disturbance

and, claiming he was innocent and his plea had resulted from threats of physical harm made by two correction officers, moved pro se to withdraw his plea. County Court denied his motion and sentenced him in accordance with the plea agreement. On defendant's appeal, we rejected an *Anders* brief, assigned new counsel (26 AD3d 589 [2006]) and now affirm.

Initially, we find no merit in defendant's contention that County Court erred in denying his motion to withdraw his plea without an evidentiary hearing. Upon his motion to withdraw his plea, County Court reviewed the record of the plea proceeding and found his claim of coercion to be wholly unsubstantiated. That record reflects that the terms of the plea agreement were recited by the court, defendant confirmed that he understood that he was pleading guilty to one count of assault in the second degree and admitted that he had committed that crime. Defendant acknowledged his understanding of the rights he was forfeiting, and he affirmed that he had a sufficient opportunity to discuss the matter with counsel and had not been coerced or threatened into entering the plea. In the midst of the plea proceeding, County Court permitted defendant to consult with family members by telephone. Further, defendant gave no indication that he was having difficulty understanding the proceedings and he occasionally spoke in English. In light of this, his conclusory statements of innocence and coercion did not require an evidentiary hearing on his motion (*see People v Frederick*, 45 NY2d 520, 524-525 [1978]; *People v Davis*, 250 AD2d 939, 940 [1998]; *People v De Gaspard*, 170 AD2d 835, 837-838 [1991], *lv denied* 77 NY2d 994 [1991]), and he demonstrated no basis to withdraw his plea (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Leonard*, 25 AD3d 925, 926 [2006], *lv denied* 6 NY3d 850 [2006]; *People v Espinoza-Aguilar*, 24 AD3d 892, 892-893 [2005], *lv denied* 6 NY3d 812 [2006]).

Nor is there merit in defendant's contention that County Court erred in denying his counsel's request for assignment of a Spanish-speaking attorney. A defendant is entitled to different assigned counsel upon a showing of good cause for substitution, but this does not include the right to counsel of the defendant's choice (*see People v Linares*, 2 NY3d 507, 510 [2004]; *People v Sides*, 75 NY2d 822 [1990]; *People v Medina*, 44 NY2d 199 [1978]). Here, counsel raised the communication difficulties caused by defendant's limited ability to speak and understand English, and by the distance between defendant's correctional facility and counsel's office. County Court unsuccessfully attempted to find a Spanish-speaking attorney, and took reasonable measures to assure counsel's effectiveness by providing an

interpreter and arranging defendant's transfer to a closer facility. The court also left open the possibility of assigning other counsel if a Spanish-speaking attorney could be found. Under all the circumstances, County Court properly denied the request for new counsel after fully addressing the concerns raised.

Finally, defense counsel's failure to join in defendant's pro se motion to vacate his plea did not render his assistance ineffective (*see People v Murray*, 25 AD3d 911 [2006], *lv denied* 6 NY3d 896 [2006]; *People v Thornton*, 242 AD2d 784, 785 [1997], *lv denied* 91 NY2d 881 [1997]). We have considered defendant's remaining arguments in this regard and find nothing in the record to cast doubt on the apparent effectiveness of counsel.

Cardona, P.J., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.