■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. WYANT, Appellant. [849 NYS2d 357]—

Spain, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 11, 2006, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

In December 2005, defendant was indicted on a charge of rape in the first degree. He pleaded guilty to attempted rape in the first degree and waived his right to appeal in exchange for a sentence of five years in prison and five years of postrelease supervision. At sentencing, defendant made a verbal request to withdraw his guilty plea, claiming that two correction officers who had escorted him to court on the day of his plea had ha-

rassed him, coercing him to plead guilty. County Court denied the request without a hearing and sentenced defendant in accordance with the negotiated disposition. Defendant now appeals.

As defendant's challenge implicates the voluntariness of his plea, it survives his waiver of appeal (*see People v Hansen*, 95 NY2d 227, 230-231 n 2 [2000]) and it is preserved by his motion to withdraw his plea (*see People v Lee*, 34 AD3d 982, 982 [2006]; *People v Batcher*, 291 AD2d 581, 582 [2002]). Our review of the thorough plea allocution, however, satisfies us that the plea was voluntary. The allocution "reflects a fully informed plea by a represented defendant, who expressly stated his awareness of the consequences of his plea as well as his satisfaction with counsel" (*People v Murray*, 25 AD3d 911, 912 [2006], *lv denied* 6 NY3d 896 [2006]). Defendant specifically stated that he was not threatened or forced to plead guilty (*see People v Green*, 17 AD3d 780, 781 [2005]; *People v Ireland*, 274 AD2d 743, 744 [2000], *lv denied* 95 NY2d 965 [2000]). Also, his factual recitation "did not negate any element of this crime or call into doubt his guilt or the voluntariness of his plea, so as to require further inquiry by County Court" (*People v Simmons*, 27 AD3d 786, 786 [2006], *lv denied* 7 NY3d 763 [2006]).

Moreover, it is well settled that disposition of a motion to withdraw a plea rests in the sound discretion of the trial court and a hearing will be granted only in rare instances (*see People v Gibson*, 261 AD2d 710, 710 [1999]; *People v Hunter*, 246 AD2d 913, 914 [1998]). Under the circumstances presented here, we find no improvidence in County Court's denial of defendant's motion without an evidentiary hearing, given that it was premised solely on his conclusory and unsworn allegations of coercion and duress which are unsupported by anything in the record (*see People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Bowman*, 34 AD3d 935, 937 [2006]), *lv denied* 8 NY3d 844 [2007]).

Nor do we find merit in defendant's remaining contention that County Court's warning to abide by the directives of the court between plea and sentencing implied in any way that he would be permitted to withdraw his plea at a later date. In our view, the court's remarks properly and clearly advised defendant only of the potential adverse consequences with regard to the negotiated sentence should he fail, prior to sentencing, to abide by the conditions (*see People v Perez*, 35 AD3d 1030 [2006], *lv denied* 9 NY3d 868 [2007]; *People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]), and nothing more.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.