■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS QUINONES, Appellant. [857 NYS2d 372]—

Kavanagh, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered September 7, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to a superior court information charging him with burglary in the third degree. During defendant's plea allocution, he stated that he had entered his estranged wife's residence, despite the fact that he did not have permission to do so. He further stated that he broke down the door to gain entry to the residence and that he did so for the purpose of telling his wife that he was going to kill her. As part of this plea agreement, defendant executed a written waiver of his right to appeal. At sentencing, defendant told County Court that, contrary to what he said during his plea, he had a right to be in the subject residence and, after consulting with his counsel, indicated that he wanted to file a motion to withdraw

his plea. Sentencing was adjourned and defendant, thereafter, moved to withdraw his plea, contending that it was involuntary because he had taken a prescription medication which, at the time of his plea allocution, had caused him confusion and prevented him from understanding and accurately responding to County Court's questions. Defendant also continued to assert that he did not commit the burglary because he had permission to enter the residence. After questioning defendant on these points, County Court denied the motion and sentenced defendant, as a second felony offender, to the agreed-upon term of 2 to 4 years in prison. Defendant now appeals.

Preliminarily, to the extent that defendant challenges the adequacy of the superior court information, we note that while a jurisdictional defect would survive both defendant's guilty plea and the waiver of his right to appeal (cf. *People v Simmons*, 27 AD3d 786, 786-787 [2006], *lv denied* 7 NY3d 763 [2006]; *see People v Shaver*, 290 AD2d 731, 731-732 [2002]; *People v George*, 261 AD2d 711, 712-713 [1999], *lv denied* 93 NY2d 1018 [1999]), defendant has not articulated and we do not perceive any such defect here (*see People v Simmons*, 27 AD3d at 786-787). Rather, defendant's argument on this point is addressed to the factual sufficiency of the superior court information—an argument that he failed to preserve by timely objection and one that is, in any event, precluded by his guilty plea (*see People v Gibson*, 21 AD3d 577, 578 [2005]; *see also People v Champion*, 20 AD3d 772, 774 [2005]; *People v McDonald*, 295 AD2d 756, 757 [2002], *lv denied* 98 NY2d 711 [2002]).

Next, defendant's challenge to the voluntariness of his plea survives his waiver of appeal and, further, has been preserved by his timely motion to withdraw his plea (*see People v Wyant*, 47 AD3d 1068, 1069 [2008]). Our review of the plea allocution reflects that defendant was advised of his rights, including his waiver of the right to appeal, denied being under the influence of any medications, coherently and cogently replied to County Court's various inquiries, expressed his satisfaction with counsel and thereafter recited facts sufficient to establish his commission of the crime charged. Under such circumstances, we are satisfied that defendant's guilty plea was knowing, intelligent and voluntary (*see People v Klein*, 26 AD3d 530, 531 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Batcher*, 291 AD2d 581, 582 [2002]).

Finally, we perceive no abuse of discretion in County Court's denial of defendant's motion to withdraw his plea (*see People v Wyant*, 47 AD3d at 1069; *People v Arroyo*, 42 AD3d 818, 818-819 [2007], *lv denied* 9 NY3d 959 [2007]; *People v Criscitello*, 32

AD3d 1112, 1113 [2006]). Defendant's conclusory assertion that a certain prescription sleep aid clouded his thinking and precluded him from understanding what transpired at the plea allocution is both unsupported by any medical evidence in the record and belied by the statements made by defendant at the time his plea was accepted. Specifically, in response to the court's questioning, defendant accurately stated the street address of the subject location and clearly explained how he entered the apartment and his purpose for doing so (cf. *People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]). As such, defendant failed to raise a genuine factual issue as to his capacity to enter the plea. Similarly, although defendant argued that he was innocent because he could not, in effect, burglarize his own home, he freely admitted during his plea that he was estranged from his wife and was not living at what he described as her residence at the time of the incident and, further, that he did not have permission to enter that residence on the night in question and knew that he was not supposed to be there. We therefore conclude that the denial of defendant's motion did not constitute an abuse of discretion.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.