■ The People of the State of New York, Respondent, v Mickey Getter, Appellant. [860 NYS2d 320]—

Stein, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered February 14, 2006, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

In full satisfaction of a 14-count indictment, defendant pleaded guilty to the crime of rape in the first degree. As part of the negotiated plea agreement, defendant waived his right to appeal and was sentenced to a term of imprisonment of eight years, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant initially contends that alleged ambiguities surrounding his waiver of the right to appeal and his plea allocution rendered his guilty plea unknowing and involuntary. Although defendant claims that this issue was preserved for our review by means of a previous motion to vacate the judgment of conviction, neither the motion nor County Court's decision on the motion is included in the record, "thus defeating the purpose of the preservation requirement" (*People v White*, 47 AD3d 1062, 1063 [2008], *lv denied* 10 NY3d 818 [2008]). In any event, a review of the plea minutes reveals nothing ambiguous or confusing in the circumstances surrounding defendant's plea that would render it involuntary (*see People v Moore*, 8 AD3d 750, 750 [2004]). Defendant was advised of and understood the ramifications of pleading guilty, including the rights he was relinquishing and the bargained-for sentence, that he had an opportunity to discuss the plea with his attorney, that he was pleading guilty voluntarily and he admitted the facts underlying the crime. Therefore, we are satisfied that defendant entered

his plea voluntarily, knowingly and intelligently (*see People v Lasher*, 14 AD3d 943, 944 [2005]).

We also find that defendant validly waived his right to appeal. The record shows that County Court adequately explained that the right to appeal was a separate and distinct right from the trial rights automatically forfeited as a part of the plea agreement (*see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Jackson*, 48 AD3d 885, 885 [2008]). Moreover, even if, as defendant contends, County Court's colloquy regarding the waiver was ambiguous, as defendant executed a written waiver that explained the appellate process and confirmed that defense counsel advised defendant of his right to appeal and informed him of the consequences of a waiver of that right, his waiver was knowingly and voluntarily executed (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Ramirez*, 42 AD3d 671, 671-672 [2007]). Finally, defendant's valid waiver of appeal precludes from our review his challenge that his sentence was harsh and excessive (*see People v Conway*, 45 AD3d 1055, 1056 [2007], *lv denied* 10 NY3d 763 [2008]).

We have considered defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.