■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN J. ZABELE, Appellant. [861 NYS2d 178]—

Rose, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered May 4, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was arrested after a police raid uncovered methamphetamine in a house where he was an overnight guest. He later waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the second degree. Pursuant to the terms of a plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree, waived his right to appeal, and was sentenced to a term of three years in prison and two years of postrelease supervision.

Defendant now appeals, contending that his statements during the plea allocution cast significant doubt on his guilt of criminal possession of a controlled substance in the fourth degree and his conviction should be vacated on that basis despite his waiver of the right to appeal and failure to move to withdraw the plea. "As defendant's challenge implicates the voluntariness of his plea, it survives his waiver of appeal"

(*People v Wyant*, 47 AD3d 1068, 1069 [2008] [citation omitted]; *see People v Pace*, 284 AD2d 806, 806-807 [2001], *lv denied* 97 NY2d 686 [2001]). In addition, despite defendant's failure to move to withdraw his plea or vacate the judgment of conviction, a narrow exception to the preservation doctrine would be applicable if his allocution were to cast significant doubt upon his guilt by negating an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ramirez*, 42 AD3d 671, 672 [2007]; *People v Ocasio*, 265 AD2d 675, 676 [1999]).

To establish constructive possession of the methamphetamine necessary here to support the charge to which defendant pleaded guilty (*see* Penal Law § 220.09 [2]), the evidence "must show 'that [he] exercised dominion and control over the place where contraband was seized or over the person who actually possessed the property' " (*People v Garcia*, 30 AD3d 833, 835 [2006], quoting *People v Manini*, 79 NY2d 561, 573 [1992]; *see* Penal Law § 10.00 [8]). While defendant admitted during his allocution that he knew that methamphetamine had been "cooked" by the owners in an outbuilding at the house where he was staying, he had supplied some of its ingredients and he had been allowed to enter the room where it was made, he asserted that it belonged solely to his hosts and denied knowing if any was present on the day of his arrest. He further denied that he knew where it was kept after being cooked or that he had access to it other than to have smoked what had been given to him by the owners. As a result, defendant's ability and intent to exercise dominion and control over the methamphetamine were negated (*cf. People v Turner*, 27 AD3d 962, 963 [2006]), the voluntariness of the plea was implicated, and County Court was required to make further inquiry (*see People v Wyant*, 47 AD3d at 1069; *People v Ramirez*, 42 AD3d at 672; *People v Pagan*, 36 AD3d 1163, 1164-1165 [2007]). Because the court failed to do so, defendant's plea must be vacated and the matter remitted to County Court.

Mercure, J.P., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.