Kane, J.
Appeal from the judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 18, 2006, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant, who had been directed by an order of protection to stay away from the victim, entered her apartment where he allegedly struck her and ripped off her shirt. He was indicted on charges of criminal contempt in the first degree, criminal mischief in the fourth degree, assault in the third degree and criminal trespass in the second degree. He subsequently pleaded guilty to criminal contempt in the first degree in satisfaction of all charges. Prior to sentencing, he retained new counsel and moved to withdraw his plea. After hearing oral argument, County Court denied defendant’s motion and sentenced him to a prison term of ls/4 to 3xh years. Defendant appeals.
Defendant’s argument that the plea was involuntary survives the waiver of appeal and was preserved by his motion to withdraw the plea (see People v McCann, 289 AD2d 703, 703 [2001]; People v Pace, 284 AD2d 806, 806-807 [2001], lv denied 97 NY2d 686 [2001]). Much of defendant’s argument regarding voluntariness is premised upon the purported ineffective assistance of his former counsel, which also survives the waiver under these circumstances (see People v De Berardinis, 304 AD2d 914, 915 [2003], lv denied 100 NY2d 580 [2003]). “Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently” (People v Alexander, 97 NY2d 482, 485 [2002]), and it is well recognized that “a guilty plea generally ‘marks the end of a criminal case [and is] not a gateway to further litigation’ ” (id., quoting People v Taylor, 65 NY2d 1, 5 [1985]). Initially, we note that defendant unequivocally answered each of County Court’s many questions regarding his willingness to accept the plea and the consequences thereof, and he freely acknowledged committing the crime to which he was pleading guilty (see People v Ellis, 43 *813 AD3d 485, 486-487 [2007], lv denied 9 NY3d 961 [2007]; People v Bowman, 34 AD3d 935, 937 [2006], Iv denied 8 NY3d 844 [2007] ).
Turning to some of defendant’s specific assertions regarding his former counsel’s conduct, defendant urges that his attorney did not spend ample time discussing the case with him. Yet defendant answered affirmatively during the plea colloquy to County Court’s inquiry as to whether he had a sufficient opportunity to consult his attorney. His contention that he was unduly pressured by his attorney to accept the plea is contradicted by his answer to County Court that no one had coerced him to accept the plea. Review of the record fails to establish that defendant received less than meaningful representation (see People v Masters, 36 AD3d 959, 960 [2007], lv denied 8 NY3d 925 [2007]; People v Washington, 3 AD3d 741, 743 [2004], lv denied 2 NY3d 747 [2004]).
We do, however, find that defendant is entitled to a hearing to address the narrow issue of whether his plea was involuntary because his attorney allegedly provided him with erroneous information concerning his potential sentence exposure. In moving to withdraw his plea, defendant averred that counsel erroneously advised him that he faced 10 years in prison if convicted of all charged counts, but faced only 2 to 4 years if he pleaded guilty in accordance with the plea offer. Defendant further avers that he is innocent, but pleaded guilty solely to avoid the potential 10-year sentence. Counsel submitted an affidavit, on behalf of the People, flatly contradicting defendant’s allegations. This created a factual question, albeit one mainly hinging on credibility, which should have been decided after a hearing.
The record discloses that although County Court explained the sentencing options to defendant, the court only discussed its options on the plea. The court did not inform defendant of his sentence exposure if he had taken the matter to trial on all charges. While it is true that misinformation or incorrect advice about the maximum sentence is not necessarily dispositive, it would be a factor for the court to consider on defendant’s motion (see People v Garcia, 92 NY2d 869, 870 [1998]; People v Smith, 49 AD3d 1032, 1033 [2008], lv denied 10 NY3d 939 [2008] ; People v Jackson, 278 AD2d 875 [2000], lv denied 96 NY2d 759 [2001]; compare People v Norman, 220 AD2d 537, 537 [1995]; People v Goldfadden, 145 AD2d 959, 960 [1988]). Such misinformation may have greater significance here, where defendant pleaded to the highest count, the court made no sentencing commitment and defendant promptly moved to withdraw his plea prior to sentencing. Under these circum *814 stances, a hearing should be held to determine whether defense counsel misinformed defendant as to his maximum sentencing exposure on the indictment and, if so, whether this misinformation led defendant to plead guilty when he otherwise would not have done so.
The dissent’s reliance on People v Ramos (63 NY2d 640 [1984]) is misplaced. While the Court of Appeals in that case denied the defendant a hearing on his allegation of receiving erroneous sentencing advice, the implication is that the trial court, at the time of his plea, asked the defendant if any other promises were made to him, and he denied any such promises. He therefore had an opportunity to place that misinformation on the record at the time of his plea. In the present case, despite the thoroughness of the plea colloquy, there was no occasion for defendant to mention the advice he had received concerning the maximum possible sentence had he gone to trial on charges which were being dismissed as part of his plea bargain. This factual difference renders Ramos inapplicable here.
If defendant’s plea was voluntary, we need only address one further argument. Although the terms of defendant’s waiver of appeal specifically permitted a challenge to his sentence, the sentence was not harsh or excessive. In light of the nature of defendant’s conduct, his prior record and the fact that he received less than the maximum permissible sentence (and no fíne was imposed), we find neither an abuse of discretion nor extraordinary circumstances meriting a reduction of the sentence (see People v Brooks-Singh, 47 AD3d 1120, 1121 [2008]; People v Spear, 37 AD3d 870, 871 [2007]). The remaining arguments have been considered and found meritless.
Spain, J.E, Malone Jr. and Stein, JJ., concur.