Stein, J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 17, 2007, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged in a four-count indictment with murder in the second degree (two counts) and reckless endangerment in the first degree (two counts) stemming from an incident wherein defendant shot and killed an acquaintance who was standing in close proximity to two other individuals. As part of his omnibus motion, defendant moved to dismiss count one (intentional murder) or count two (depraved indifference murder) of the indictment, contending that advancing “twin” theories of culpability rendered the indictment defective. County Court denied the motion, and defendant thereafter pleaded guilty to one count of murder in the second degree (intentional murder) and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea asserting, among other things, that his attorney pressured him into pleading guilty and he failed to appreciate the nature of the waiver of the right to appeal. County Court denied the motion, and defendant thereafter was sentenced to the agreed-upon prison term of 15 years to life and ordered to pay restitution. This appeal by defendant ensued.
We affirm. Preliminarily, defendant’s challenge to the voluntariness of his plea both survives his waiver of appeal and has been preserved for our review by his timely motion to withdraw his plea (see People v Quinones, 51 AD3d 1226, 1227 [2008], lv denied 10 NY3d 938 [2008]; People v Lee, 34 AD3d 982 [2006]). Our review of the plea allocution reveals that defendant was fully advised of his rights, including his waiver of the right to appeal, denied being under the influence of any medications, denied that he had been threatened or coerced into pleading guilty, and indicated that he had thoroughly discussed the plea with counsel and was satisfied with counsel’s representation. Moreover, defendant did not make any statements during the plea allocution that negated an element of the crime charged or called into question either his guilt or his capacity to understand the proceedings so as to warrant further inquiry by County Court (see People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008]). Under such circumstances, we find that defendant’s guilty plea was knowing, intelligent and voluntary (see People v Quinones, 51 AD3d at 1227).
We reach a similar conclusion regarding defendant’s waiver of the right to appeal, which was explained to defendant during *897 the allocution. Additionally, defendant executed a detailed written waiver. Although defendant professed at sentencing that he failed to appreciate the nature of the waiver, our review of the record confirms County Court’s finding that defendant’s waiver was knowing, intelligent and voluntary (see People v Vallance, 49 AD3d 917, 918 [2008], lv denied 10 NY3d 845 [2008]). Defendant’s remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.
Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.