Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 10, 2007, convicting defendant upon her plea of guilty of the crimes of vehicular assault in the first degree and driving while intoxicated.
Defendant waived indictment and pleaded guilty to a superior court information charging her with vehicular assault in the first degree and driving while intoxicated. County Court thereafter sentenced her, as negotiated, to concurrent prison terms of 1 to 3 years. As an additional part of her sentence, County Court imposed fines in the amount of approximately $6,000 and indicated it would also require reparation pursuant to Penal *905 Law § 60.27, in an amount to be determined.* Defendant now appeals, claiming that her sentence was harsh and excessive.
Generally, a challenge to the severity of a sentence is precluded by a valid waiver of appeal (see People v Getter, 52 AD3d 1117, 1118 [2008]). However, as a matter of fundamental fairness, “[a] sentencing court may not impose a more severe sentence than one bargained for without providing defendant the opportunity to withdraw his [or her] plea of guilty” (People v Brown, 198 AD2d 901, 901 [1993]). Here, the record is devoid of any indication that defendant was advised prior to entering a plea and waiving her right to appeal that a fine would be included in her sentence or that reparation would be required. Therefore, before County Court imposed the enhanced sentence, it should have afforded defendant the opportunity to first withdraw her plea or accept the enhanced sentence (see People v Branch-El, 12 AD3d 785, 786 [2004], lv denied 4 NY3d 761 [2005]; People v Toms, 293 AD2d 768 [2002]).
Cardona, EJ., Mercure, Rose, Lahtinen and Stein, JJ, concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 This Court is aware that reparation was ordered by County Court on July 9, 2008, as part of defendant’s sentence, in the amount of $44,072.