■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY McQUEEN, Appellant. [868 NYS2d 421]—

Lahtinen, J.

Defendant was charged in a four-count indictment with assault in the first degree, assault in the second degree (two counts) and criminal possession of a weapon in the third degree stemming from an incident wherein defendant slashed the victim with a kitchen knife. Pursuant to a negotiated agreement, defendant pleaded guilty to a reduced count of attempted assault in the first degree in full satisfaction of the indictment and was sentenced, as a second felony offender, to the bargained-for term of 6¼ years in prison followed by five years of postrelease supervision. This appeal ensued.

We affirm. Preliminarily, defendant's challenge to the voluntariness of his plea has been preserved for our review by his motion to vacate the judgment of conviction (see People v Quinones, 51 AD3d 1226, 1227 [2008], lv denied 10 NY3d 938 [2008]; People v Lee, 34 AD3d 982 [2006]). Our review of the plea allocution reveals that defendant was fully advised of his rights, denied that he had been threatened or coerced into pleading guilty, indicated that he had a full opportunity to discuss his options with counsel (including the availability of any defenses), and stated that he was satisfied with counsel's representation. Additionally, despite taking certain medications for an apparent psychiatric condition, defendant answered County Court's inquiries in a coherent fashion, acknowledged that he was thinking clearly during the plea colloquy, and denied having any difficulty communicating with counsel. Finally, although defendant previously had contended that he acted in self-defense, he did not make any statements during the plea allocution that negated an element of the crime charged or called into question his guilt (see People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008]). Accordingly, we conclude that defendant's guilty plea was knowing, intelligent and voluntary (see People v Quinones, 51 AD3d at 1227).

We also find defendant's challenge to the factual sufficiency of his plea lacking in merit, as "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (People v Clairborne, 29 NY2d 950, 951 [1972]; see People v Hall, 41 AD3d 1090, 1091 [2007], lv denied

9 NY3d 876 [2007]). Likewise, defendant's claim that the negotiated sentence imposed as part of this plea bargain is harsh and excessive must be rejected as the record reflects no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (*see People v Murphy*, 56 AD3d 951 [2008]).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.