■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN R. OHL, Appellant. [875 NYS2d 349]—

Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered December 10, 2007, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the first degree and robbery in the first degree.

A 10-count superior court information charged defendant with various theft and sex-related offenses, as well as one weapons-related offense, stemming from his role in a nighttime home invasion during the course of which his companion was armed with a shotgun and the female occupant of the home was physically and sexually assaulted. Defendant thereafter waived indictment and pleaded guilty to criminal sexual act in the first degree and robbery in the first degree. The plea was in satisfaction of all counts with the understanding that County Court would sentence defendant to concurrent, determinate 18-year prison sentences and five years of postrelease supervision and that he would waive the right to appeal. Following defendant's execution of a written waiver of the right to appeal, he was

sentenced in accordance with the plea. He now appeals claiming that the waiver of his right to appeal was invalid and that the agreed-upon sentence is harsh and excessive.

Defendant acknowledged at sentencing that he read the written waiver of the right to appeal and voluntarily signed it. A handwritten notation placed on the form indicating that defendant was "concerned with [his] future appeal rights" prompted a discussion concerning his understanding of the waiver. At this time, defense counsel advised County Court that he informed defendant "about what types of issues are affected by a waiver of appeal and what types of issues are not deemed to be covered by a waiver of appeal." After additional discussions, it was agreed that the original notation would be crossed out and replaced with an acknowledgment by defendant that he "waive[d] all waivable rights." These circumstances satisfy us that defendant's waiver of the right to appeal was knowing, voluntary and intelligent (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Lewis*, 48 AD3d 880, 881 [2008]). This being the case, defendant is foreclosed from challenging the severity of his sentence (*see People v Getter*, 52 AD3d 1117 [2008]; *People v Nickell*, 49 AD3d 1024, 1025 [2008]).

Mercure, J.P., Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.