■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE ROSSETER, Appellant. [878 NYS2d 512]—

Kavanagh, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered February 13, 2007, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, sexual misconduct and forcible touching.

In July 2006, defendant was charged in a seven-count indictment with committing numerous sexual-related offenses involving three different victims, all of whom were under the age of 16. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the three counts in the indictment that charged him with the forcible rape of an 11-year-old girl, sexual misconduct

with a 15-year-old girl and the forcible touching for sexual gratification of a 14-year-old girl. Defendant was subsequently sentenced on his conviction for rape in the first degree to a prison term of 3 to 9 years, and one year on each of the two remaining counts, with all three sentences to run concurrently. In addition, at the time he entered his plea, defendant, after conferring with counsel, waived his right to appeal, both orally and in writing. Defendant now appeals, challenging the validity of the waiver of his right to appeal, the voluntariness of his guilty plea, and the excessiveness of his sentence.

We affirm. At the time of the entry of his guilty plea, defendant's counsel was directed by County Court to review with defendant the provisions contained in the written waiver of appeal form. After completion of this review, the court questioned defendant to ensure that he fully understood that he was waiving his right to appeal. After indicating that he understood that he was giving up his right to appeal this conviction, defendant conferred with counsel and signed the written form that waived his right to appeal on certain enumerated grounds, including the sufficiency of his plea allocution and the severity of his sentence (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v McMillan*, 55 AD3d 1064, 1066 [2008], *lv denied* 11 NY3d 899 [2008]; *People v Getter*, 52 AD3d 1117, 1118 [2008]). Taken as an integrated whole, this record establishes that defendant, with the benefit of counsel, entered a knowing, voluntary and intelligent waiver of his right to appeal (*see People v Jeske*, 55 AD3d 1057, 1057-1058 [2008], *lv denied* 11 NY3d 898 [2008]; *People v Collins*, 53 AD3d 932, 933 [2008], *lv denied* 11 NY3d 831 [2008]).

While defendant's waiver of his right to appeal precludes any challenge to the legal sufficiency of his plea, he may still pursue on appeal his claim that his guilty plea was involuntarily rendered (*see People v Rubeo*, 60 AD3d 1206, 1207 [2009]; *People v Morrishaw*, 56 AD3d 895, 896 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Quinones*, 51 AD3d 1226, 1227 [2008], *lv denied* 10 NY3d 938 [2008]).* In effect, defendant argues that his plea was not voluntary because, during his plea allocution for the crime of rape in the first degree, he only admitted to having sexual intercourse with the victim and did not acknowledge at

---

* Defendant states that he never moved to vacate his plea, but argues that this issue should be reviewed on appeal because, during the plea allocution, he negated an essential element of the crime of rape in the first degree. While we do not agree with his description of his allocution, we do note that defendant, prior to being sentenced, moved to withdraw his plea and, as such, his claim regarding its voluntariness has been preserved (*see People v Rubeo*, 60 AD3d at 1207).

any time to using force. However, in response to County Court's inquiry as to whether, at the time they were engaged in sexual intercourse, the victim "was resisting," defendant answered, "Yes." In addition, during the allocution, County Court confirmed that defendant was physically fit, enjoyed good mental health and had not consumed any drugs, medication or alcohol that compromised his ability to understand what was occurring during that proceeding. The court also established that defendant had sufficient time to confer with counsel prior to entering the plea and understood that, by pleading guilty, he was giving up his right to a trial by jury. The court further established that defendant had not been threatened, forced or coerced into entering the plea, and that he was aware that, upon his release from prison, given the nature of the crimes for which he stood convicted, he would be required to register as a sex offender. In short, the record clearly establishes that defendant understood the full import of the proceeding, was satisfied with counsel, and made an intelligent and voluntary decision to enter a guilty plea (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v Kennedy*, 46 AD3d 1099, 1100 [2007], *lv denied* 10 NY3d 841 [2008]; *People v Coss*, 19 AD3d 943, 943 [2005], *lv denied* 5 NY3d 805 [2005]).

At sentencing, defendant expressed his desire to withdraw his plea because he "want[ed] to be able to take it to trial." County Court, in denying the application, concluded that defendant's plea was knowingly, voluntarily and intelligently entered. Given that we find no "evidence of innocence, fraud or mistake in the inducement of the plea," County Court did not abuse its discretion by summarily denying defendant's motion to withdraw his plea (*People v Thomas*, 50 AD3d 1315, 1316 [2008]; *see People v Atkinson*, 58 AD3d 943, 943 [2009]; *People v McMillan*, 55 AD3d at 1066; *People v Quinones*, 51 AD3d at 1226; *People v Nunez*, 35 AD3d 902, 903 [2006], *lv denied* 8 NY3d 883 [2007]).

Finally, defendant's challenge to his sentence and, in particular, the denial of youthful offender status is foreclosed by his valid waiver of his right to appeal (*see People v Ohl*, 60 AD3d 1201, 1202 [2009]; *People v Ibralic*, 54 AD3d 1073, 1073 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Getter*, 52 AD3d at 1117; *People v Baldwin*, 36 AD3d 1024, 1025 [2007]).

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.